FRANCIS A. WINSLOW, APPELLANT, *v.* THE STATEN ISLAND RAPID TRANSIT RAILROAD COMPANY, RESPONDENT.

*Section 431 of the Code of Civil Procedure does not authorize the service of a summons upon an assistant treasurer of a domestic corporation — nor is a clerk, acting as assistant treasurer, a managing agent of the company.*

Upon an appeal from an order setting aside the service of a summons, it appeared that the summons was attempted to be served by the delivery of a copy thereof to one Edward Curry, who was the assistant treasurer of the defendant, a domestic corporation, which attempted service was made at the office of the defendant, in the city of New York.

*Held,* that the fact that the treasurer was a non-resident and occupied another office, and there performed the duties of treasurer, did not authorize the service upon the assistant treasurer so as to bind the corporation, as an assistant treas-

urer was not designated, in section 431 of the Code of Civil Procedure, as one of the persons upon whom such service could be made. (MACOMBER, J., dissenting.). It was also sought to sustain the service upon Curry by showing that he was a managing agent of the corporation.

*Held,* that such claim could not be sustained, as while the proof showed that Curry was engaged in and about the business of the corporation, and that, in addition to his ordinary duties as clerk of the corporation, he was in the habit, as assistant. treasurer, of drawing checks, payable to the order of another clerk of the corporation, yet there was no evidence whatever that he had any part in the management of the business of the corporation, or that he exercised any authority as a managing agent. (MACOMBER, J., dissenting upon the ground that the service was well made upon him as a clerk.)

*Palmer* v. *Pennsylvania Co.* (35 Hun, 369; affirmed, 99 N. Y., 679) distinguished. Where a statute prescribes that jurisdiction is to be obtained in a particular way, the requirements of the statute must be complied with or jurisdiction will not be acquired.

APPEAL from an order made at Special Term and entered in the office of the clerk of the city and county of New York, on October 15, 1888, setting aside the service of the summons herein.

*John A. Amundson,* for the appellant.

*Macfarland, Boardman & Platt,* for the respondent.

VAN BRUNT, P. J. :

The summons in this case was attempted to be served by delivery of a copy thereof to one Edward Curry, at the office of the defendant in the city of New York. The proof seems to indicate that the person served was the assistant treasurer of the defendant, although, at the time of the service, when asked by the deputy sheriff, he said he was the treasurer of the corporation. According to section 431 of the Code, personal service of a summons upon a defendant being a domestic corporation must be made by delivering a copy thereof within the State, to the president or other head of the corporation, to the secretary or clerk of the corporation, or to the cashier, treasurer, director or managing agent. The service of the summons was set aside upon the ground that Curry occupied neither of those positions. It is urged, in the first place, upon this appeal, that, as the treasurer was a non-resident, therefore, the assistant treasurer was the person named, or intended to be named, in the statute; and, if Curry was not

an assistant treasurer, then he came under the definition of a managing agent, and service upon him, therefore, conferred jurisdiction. The fact that the person served was not the treasurer, seems to be clearly established; and the fact that he occupied another office and performed the duties of treasurer, perhaps, did not authorize the service upon him so as to bind the corporation, as the assistant treasurer is not designated in the Code as one of the persons upon whom such service shall be made. It is sought, also, to sustain the service, by showing that Curry was a managing agent of the corporation. In this, we think, the proof wholly fails. It is true that Curry was engaged in and about the business of the corporation, and that, in addition to his ordinary duties as clerk to the corporation, he was in the habit, as assistant treasurer, of drawing checks payable to the order of another clerk of the corporation. But there is no evidence, whatever, that he had any part in the management of the business of the corporation, or that he exercised any authority as a managing agent.

Numerous cases have been cited upon the part of the appellant to sustain the proposition that he was at least a managing agent; and our attention is particularly called to the case of *Palmer* v. *Pennsylvania Company* (35 Hun, 369; affirmed in 99 N. Y., 679.) But the facts of that case differ very materially from those in the case at bar. The person served in that case was an agent of the company. He managed a certain part of the business of the corporation, and, as such, had authority to act for the corporation. In the case at bar there is no evidence that Curry had any such authority, or that the duties which he performed were anything more than of a clerical character. It is true that language has been used in some of these cases to the effect that the object of all service of process for the commencement of a suit or other legal proceeding is to give notice to the party proceeded against, and any service which reasonably accomplishes that end answers the requirements of natural justice and fundamental law. But where the statute prescribes that jurisdiction is to be obtained in a particular way, then the requirements of the statute must be complied with or jurisdiction cannot be acquired. If there are any hardships under the law, it is not for the courts to amend the statute, because that is a duty which is imposed upon the legislature.

The order appealed from must be affirmed, with ten dollars costs and disbursements.

BRADY, J., concurred.

MACOMBER, J. (dissenting):

Edward Curry, who was the person upon whom the summons and complaint in this action were served, is shown to be what is called the "assistant treasurer" of the defendant. The person who was elected treasurer is not and never was a resident of this State, but of Maryland; and he was not, by virtue of his office, charged with any special duty or function other than that of the treasurer of the system of railroads known as the Baltimore and Ohio, of which the defendant forms a small portion. Under the by-laws of the defendant, it is true, there is no provision made for the appointment of any person as "assistant treasurer," yet Mr. Curry was, in fact, and to all intents and purposes the treasurer of the defendant. Under section 431 of the Code of Civil Procedure it matters not what the title of the officer of a domestic corporation may be so long as he discharges the function of the office contemplated by that section. A service upon the president, or other head of the corporation, the secretary or clerk to the corporation, the cashier, the treasurer or a director or managing agent is a service upon the corporation itself. It is no answer to the regularity of the service in this instance, to say that Mr. Curry was not elected or chosen by the corporation as its treasurer; performing all of the duties pertaining to the treasury department of this corporation, he must be deemed to be the treasurer within the intent and meaning of this section. But even if this were not so, the word "clerk" is, in my judgment, the proper name, as used in this statute, to describe the person upon whom this service was made. He was not performing merely clerical duties in subordination to any other officer of the corporation, but was a "clerk to the corporation," that is to say, he was performing for the defendant, duties distinctively in its behalf and not in behalf of any officer of the corporation. For these reasons, I think, the order should be reversed.

Order affirmed, with ten dollars costs and disbursements.