MABEL FELSTEAD *v.* EASTERN SHORE EXPRESS, INC.

(*May* 27, 1932.)

PENNEWILL, C. J., RICE and HARRINGTON, J. J., sitting.

*Leonard G. Hagner* for plaintiff.

*James R. Morford* for defendant, appeared specially.

Superior Court for New Castle County, No. 183, January Term, 1932.

PENNEWILL, C. J., delivering the opinion of the Court:

Defendant in the above case appeared specially to argue a motion to quash the writ of summons and the return thereon on the ground that service was effected on the Assistant Secretary of State and not on the Secretary of State as required by law.

The motion to quash is based also on another ground which will be considered after disposing of the first one.

In the cases of *William E. Derrickson* and *Pearl F. Derrickson v. Charles Bannett,* recently decided, 5 *W. W. Harr.* (35 *Del.*) 165, 160 *A.* 907, an objection similar to the first one made to the service in the present case was considered by this Court at some length, and the service on the Assistant Secretary was held to be valid.

It is not necessary to repeat here the opinion or reasons given for the Court's conclusion in the cases referred to. It is sufficient to say that we adhere to our ruling in those cases and hold the service on the Assistant Secretary of State in the instant case valid.

Another ground or reason for the motion to quash is, that it does not appear that the plaintiff has complied with the requirements of *Chapter* 225, *Volume* 35, *Laws* of *Delaware,* with respect to the completion of service by the filing of the required affidavit with the declaration.

The affidavit the plaintiff is required to file with his declaration must show the defendant's non-residence, the

sending by registered mail a copy of the process with notice of service, to the defendant, and that the defendant was informed that the service, "shall be as effective to all intents and purposes as if it had been made upon such non-resident personally within this State, and that such notice was sent to the non-resident forthwith by registered mail."

In the present case it does not appear that the defendant was informed that the service of the process, of which notice is given, would be as effectual to all intents and purposes as if it had been made upon the defendant personally within this State, and that such notice was sent to the defendant by registered mail.

It may be admitted that the statute in the part we are now considering, was unskillfully drawn, and that some of its provisions are not clearly expressed. They may seem unreasonable, but they must be complied with to give the Court jurisdiction.

"Where the statute prescribes that jurisdiction is to be obtained in a particular way, then the requirements of the statute must be complied with, or jurisdiction cannot be acquired." *Winslow v. Staten Island R. R. Co.*, 51 *Hun* 298, 4 *N. Y. S.* 169, 170.

Because the requirements of the statute were not complied with in the particulars mentioned, the motion to quash must be sustained.