STRUBLE *v.* MEREDITH ET AL.

(Decided April 9, 1935.)

*Mr. Benj. Olds,* for plaintiff in error.
*Mr. Nelson Campbell,* for defendants in error.

SHERICK, J. This is an action for partition of certain real estate of which one M. L. Struble died testate. By the terms of M. L. Struble's will the plaintiff in error, L. Bert Struble, who was the plaintiff below, was devised a one-fifth interest therein. The petition avers that the Merediths claim an interest in the property by virtue of a purchase from the administrator *de bonis non* of the estate of M. L. Struble.

The Merediths answer to this pleading, and therein deny that the plaintiff has an interest in the premises. They aver that they are the fee simple owners thereof by purchase at public auction from the personal representative of the estate of M. L. Struble, deceased; and that all proceedings had in the Probate Court of Morrow county authorizing and directing this sale were regular in all respects, and were had in conformity to law and the orders of the Probate Court. The reply filed denies that the land sale proceedings had in the Probate Court were in conformity to law, and avers that that action in no way affected the title of the plaintiff in the land devised and so sold.

The cause was tried upon certain stipulations

amounting to an agreed statement of facts. Therein are found two statements pertaining to the prior land sale proceedings, which are the basis of the legal question presented to this court for review. It is stipulated that:

"No personal service of summons was made upon the plaintiff, L. Bert Struble, who then resided in the state of Indiana."

"That summons by registered mail was served upon L. Bert Struble, the plaintiff."

The stipulations have attached thereto and made a part thereof a certain journal entry of the Probate Court of Morrow county made several years prior to the land sale proceeding. This entry recites:

"It is this day ordered and made a rule of this court that service of writs and process under said Section of the Code and according to the provisions thereof, may be made by registered mail under this order as a general order and rule of court, applicable to writs and processes hereafter issuing from said court as provided by said Section 11297-1 of the General Code."

That portion of Section 11297-1, General Code, drawn in question here provides:

"In addition to the methods of service and return of writs as provided by law, the judge or judges of the court of common pleas and probate judge in each of the counties of the state or of the municipal court of any city may, by rule, provide for the service of writs or process by mail registered or otherwise and for the service of persons summoned for jury duty by mail, registered or otherwise. When provisions for service by mail, registered or otherwise, is [are] so made, a return of the sheriff or other officer or person charged by law with the duty of serving said writ or process, that a true copy of the writ or process was deposited in the mail registered, or otherwise shall be proof of residence service at the address on the envelope containing such writ or process; provided

that such residence be the correct residence address of the party to be served and that such envelope be not returned by the postal authorities as undelivered * * * and provided further that, in any case any person requesting service by sheriff, or bailiff, shall be entitled thereto."

It is the contention of the plaintiff in error that service by mail does not apply to non-residents of the state of Ohio for the reason, that, if it does apply, then the provisions of Section 11297, providing for a copy of the summons and petition to be served upon the defendant out of the state, and the service proved by affidavit, and the requirements of Sections 11293, 11295 and 11296, of the General Code, for the filing of an affidavit for publication, and publication for six consecutive weeks, and the affidavit proving such service, "all have no significance and are mere surplusage and have no effect whatsoever." It is not alleged in the petition in error, or suggested to this court in brief or oral argument, that Section 11297-1, General Code, is unconstitutional. We shall therefore follow the rule and indulge the presumption that it is constitutional, and shall proceed to the question of interpretation or construction, which is the sole question made.

In the first place it is evident that the sections of the General Code claimed to be superseded by Section 11297-1 are all old in point of time, and that Section 11297-1 is a comparatively recent enactment. No attempt is made therein to limit its application to resident service. The presumption must be indulged that when the Legislature enacted this provision the legislators had full knowledge of the then existing statutes, for it is provided in the first line of the statute that the section is "in addition to the methods of service and return of writs as provided by law." Resorting to the year book of the Session Laws, 107 Ohio Laws, 653, we find that the title to the act recites that it is "to supplement section 11297 of the General Code by

supplemental section 11297-1, relative to service of writs and process by mail." Section 11297, and its caption, which indicates its purpose and extent, become material. It is therein provided:

"Section 11297. Personal service out of state. When service may be made by publication, personal service of a copy of the summons and petition may be made out of the state. Such service shall be proved by affidavit."

It is apparent that Section 11297 only applies to non-resident service out of the state. And since "supplement" and "supplemental" may be defined as that which is added to a thing to complete it, then it must follow that Section 11297-1 relates in this one essential respect exclusively to non-resident service out of the state. We recognize that Section 11297-1 does something more than supplement Section 11297, in that its opening phrase contemplates a local as well as a non-resident field of operation, as does also that portion dealing with the summoning of persons for jury duty; we are, however, not here concerned with this local feature of the statute. But inasmuch as Section 11297 may only be invoked when service may be made by publication, we conclude that that portion of Section 11297-1, which deals with non-resident summons out of the state, is dependent upon whether the cause of action is one of those provided for in Section 11292; and also upon the filing of the affidavit prescribed in Section 11293. The further Sections 11294, 11295 and 11296 only have application in case service is made by publication.

Reverting further to Section 11297, as noted, we find it therein concluded that "Such service shall be proved by affidavit." In other words a return of an officer making service under this section shall be by affidavit. However, examining supplemental Section 11297-1, we find a different return provided for. Under Section 11297 a foreign officer makes the return. He

therein not only makes return of the writ, but also establishes his identity. It is altogether fitting and proper that such a return by an officer out of the state should be surrounded with greater precaution. When, however, service is made in conformity to Section 11297-1, the local officer makes the return to the court of which he is an officer. He makes personal use of an agency open to his hand, that is the mails, and by the return card is advised as to the effectiveness of his instrumentality. The local officer is well known to the court and there is less or no reason or cause for added solemnity to his return, as is true in case of service by a non-resident officer out of the state who is not directly amenable to the court's process or control.

It is this court's duty in the presented instance to ascertain if Section 11297-1, and its related Sections 11297, 11292 and 11293, have been complied with. The opinion in the case of *Felstead* v. *Eastern Shore Express, Inc.,* 35 Del., 171, 160 A., 910, quotes with approval *Winslow* v. *Staten Island Rd. Co.,* 51 Hun, 298, 4 N. Y. S., 169, as follows:

" 'Where the statute prescribes that jurisdiction is to be obtained in a particular way, then the requirements of the statute must be complied with, or jurisdiction cannot be acquired.' "

And in *Schilling* v. *Odlebak,* 177 Minn., 90, 224 N. W., 694, which concerned the serving of summons by mail upon a defendant, a non-resident of the state, in an automobile accident case, under a statute similar to our Section 6308-1, General Code, it was properly held that "Statutes of this character call for full, complete and substantial compliance therewith in order to sustain substituted service. * * * The statutory requirements must have a strict compliance."

We find the rule of strict construction applied by our Supreme Court in *Heart* v. *Lycoming Fire Ins. Co.,* 26 Ohio St., 594. We find that the Probate Court ac-

tion is one of those mentioned in Section 11292, General Code, paragraph or sub-section 9 thereof. We also conclude from the journal entry of the court, as hereinbefore quoted, that the Probate Court of Morrow county had previously provided for registered mail service in accordance with the requirement of Section 11297-1, General Code.

The bill of exceptions in this case is a meager one. It does not contain the affidavit in the land sale case, which is prescribed by Section 11293. Neither does the sheriff's return in that proceeding appear as a part thereof. We are therefore unable to examine those papers which are not before us to determine if strict compliance was made in respect thereto, but are relegated to that part of the record which discloses "that summons by registered mail was served upon L. Bert Struble, the plaintiff," in the land sale proceedings. The presumptions follow, in the absence of a showing to the contrary, that all requirements of the law were complied with and that the trial court was correct in its judgment.

If the plaintiff in error was prejudiced by the court's action in the land sale proceeding, it, to us, seems untimely to have delayed thirty months before bringing the present action. This is specially true in view of the last provision of Section 11297-1 which provides, "that, in any case any person requesting service by sheriff, or bailiff, shall be entitled thereto." Had plaintiff in error been diligent in asserting the rights which he now claims he would have been fully apprised and had his day in court; and then this court could only have determined in his favor by resort to facts extrinsic to the record, and this the court may not do.

We cannot be concerned with the question of the statute's constitutionality; neither are we at liberty to inquire into the legislative wisdom of its enactment; but, applying the law as we find it, in the light of the

facts before us we conclude that the judgment of the trial court was right and should be affirmed.

*Judgment affirmed.*

LEMERT, P. J., and MONTGOMERY, J., concur.