RUTH C. BIDDLE *v.* RACHEL E. BOYD and ROBERT GOODRICH.

(*June* 9, 1937.)

RICHARDS, J., sitting.

*Ward and Gray* appeared specially for Rachel E. Boyd, one of the defendants.

*Thomas H. Wingate* (of Hering, Morris and James) for Ruth C. Biddle, the plaintiff.

Superior Court for New Castle County, No. 249, September Term, 1936; alias writ No. 58, November Term, 1936.

RICHARDS, J., delivering the opinion of the Court:

This action was brought by the plaintiff, against Rachel E. Boyd and Robert Goodrich, to recover damages alleged to have resulted from their negligent operation of a motor vehicle on the public highway of this state. It is not denied that the defendant, Rachel E. Boyd, is a non-resident of this state and cannot be served with process personally. By reason of this fact, service of process in this action was

obtained upon her by serving the writ of summons upon the Secretary of State of the State of Delaware, under the provisions of *Chapter* 225 of *Volume* 35 of the *Laws of Delaware*.

Permission was granted Ward and Gray to appear specially on behalf of Rachel E. Boyd.

They then moved to vacate the purported service of the writ upon Rachel E. Boyd, and to quash said writ.

In consequence thereof the Court ordered that a rule issue on the plaintiff and the late Sheriff of Kent County, by whom service on the Secretary of State was made, to show cause why the above stated motion should not be granted.

The reason relied upon in support of the motion to vacate the return of service and quash the writ, was that the plaintiff had not complied with the requirements of *Chapter* 225, *Volume* 35, *Laws of Delaware,* because the affidavit filed with the declaration does not correctly state what was contained in the notice of suit sent by the plaintiff to the defendant, Rachel E. Boyd.

That portion of *Chapter* 225 of *Volume* 35, *Laws of Delaware,* with which we are concerned in this case, provides as follows:

"*Section* 1. That on and after the passage of this Act, any non-resident owner, operator or driver of any motor vehicle, not registered under the laws of the State of Delaware providing for the registration of motor vehicles, who shall accept the privilege extended by law to non-residents of this State to operate or drive such motor vehicles on the public streets, roads, turnpikes or highways of this State by operating or driving such motor vehicle or by having the same operated or driven on any public street, road, turnpike or highway of this State shall by such acceptance of said privilege be deemed thereby to have appointed and constituted the Secretary of State of the State of Delaware, his, her, its or their agent for the acceptance of legal process in any cviil action against such non-resident owner, operator or driver arising or growing out of any accident or collision occurring within this State in which such motor vehicle, operated as aforesaid, is involved; and said acceptance shall

be a signification of the agreement of such non-resident that any such process when so served, as aforesaid, shall be of the same legal force and validity as if served upon such non-resident personally within this State.

"*Section 2.* Service of the legal process provided for in *Section 1* hereof, with a fee of two dollars, shall be made upon the Secretary of State of the State of Delaware in the same manner as is now or may be thereafter provided by law for service or writs of summons, and when so made shall be as effectual to all intents and purposes as if made personally upon such non-resident within this State; provided, that a copy of the process with notice of such service, and that under the provisions of this Act it shall be as effectual to all intents and purposes as if it had been made upon such non-resident personally within this State, are forthwith sent by registered mail by the plaintiff in said civil action to said non-resident defendant therein, and the defendant's return receipt and the plaintiff's affidavit of the defendant's non-residence and of the sending of the copy of the process with the notice aforesaid are filed in the said action with the declaration. The Court in which said action is pending may order such continuances as may be necessary to afford the said defendant therein reasonable opportunity to defend the action."

The statute above quoted, sets forth what may be done in order to obtain service, in a case where a non-resident owner or operator of a motor vehicle on the public highways of this State, not registered in this State, is involved in an accident or collision occurring within this State.

As stated by the Court in the case of *Felstead v. Eastern Shore Express Inc.,* 5 *W. W. Harr.* (35 *Del.*) 171, 160 *A.* 910, it may be admitted that some of the provisions of said statute are not clearly expressed. But can there be any doubt as to what was the real intent of the General Assembly by the enactment of such a law? Under the well known and generally recognized principle of comity between states, each state accords to its sister states the right to lawfully use its public highways. This right, however, does not guarantee to residents of a sister state immunity from liability for the wrongful or negligent use of said highways. Without some method of serving process upon non-resident owners or drivers of motor vehicles who avail themselves of the privilege to use the highways of this state, they would have a distinct advantage over our own citizens when an

accident or collision occurred. For this reason the General Assembly of this state, like that of many other states, passed a law designating someone as agent for such non-resident to accept service of legal process. The statute provides that any non-resident owner or operator of a motor vehicle, not registered under the laws of this state, accepting the privilege of operating his motor vehicle on the public highways of this state, or allowing his motor vehicle to be so operated, shall be deemed to have appointed the Secretary of State his agent for the acceptance of legal service in any civil action brought against him in this state, arising from an accident or collision in which his motor vehicle was involved, while using the public highway of this state.

When a civil action is brought against a non-resident owner or operator of a motor vehicle and service of the process issued therein is obtained under the statute in question, the declaration filed in the action must be accompanied by an affidavit made by the plaintiff. This affidavit must be to the effect that the defendant is a non-resident, that service of the process was made on the Secretary of State; that a copy of the process served on the Secretary of State was sent to the defendant by registered mail, accompanied by notice of such service of process on the Secretary of State and informing the defendant that said service of process was as effectual to all intents and purposes, as if it had been made upon him personally within this state.

The material part of the affidavit filed with the declaration contains this language:

"That she is the plaintiff in the above stated cause; that the defendant therein is a non-resident of the State of Delaware (being a resident of the State of Maryland); that she caused to be sent to the said defendant, by registered mail, a copy of the process in the above cause with notice of service on the Secretary of State of the State of Delaware; that the defendant was informed by said

notice that the service shall be as effectual, to all intents and purposes, as if it had been made upon such non-resident personally within the State of Delaware; that such notice was sent to the said non-resident forthwith, by registered mail; and that the defendant's return receipt is hereto annexed and made a part hereof."

The notice sent to the defendant was in these words:

"This is to advise you that I have instituted suit against you in the Superior Court of the State of Delaware, in and for New Castle County.

"Enclosed herewith you will find a copy of the Alias Writ of Summons directing you to appear in the above mentioned Court on Monday, November 2nd, 1936, at 10 A. M. Standard Time.

"You are hereby advised that under the Provisions of *Chapter* 225 of *Volume* 35 of the *Laws of Delaware*, this notice together with the enclosed copy of the summons is as effectual to all intents and purposes as if it had been served upon you personally within this State."

The defendant admits that the affidavit filed with the declaration, states that she was informed by the notice mailed to her that the service on the Secretary of State was as effectual to all intents and purposes, as if it had been made upon her personally in this State; but contends that the notice actually sent to her does not specifically state that service upon the Secretary of State was as effectual to all intents and purposes, as if made personally upon her in this State.

It is quite true that the portion of the notice sent to the defendant, advising her that the plaintiff was relying upon the provisions of *Chapter* 225 of *Volume* 35, *Laws of Delaware*, does not contain the word service, or state directly that service in the case was made upon the Secretary of State. In fact, the information which the notice sent to the defendant was intended to convey, should have been expressed more clearly. But it is not necessary to use any specific words or language in order to meet the requirements of the statute. Neither is any particular form of notice required. If the copy of the writ of summons served upon the Secretary of State which is sent to the defendant, con-

tains notations in the Sheriff's return, or otherwise, sufficient to meet the requirements of the law, why would any further notice be necessary? Undoubtedly the most satisfactory course to take would be to send the defendant a separate notice setting forth in unmistakable terms that service had been made upon the Secretary of State, and that such service was as effectual to all intents and purposes as if it had been made upon the defendant personally in this State.

The notice sent to the defendant informed her that suit had been brought against her in the State of Delaware, that a copy of the writ of summons was being inclosed, and that under the Delaware law that was as effectual to all intents and purposes, as if service had been made upon her personally in this State. This did not inform the defendant in express words that the summons had been served upon the Secretary of State, but the copy of the writ of summons inclosed to her revealed that fact.

The return receipt filed with the declaration shows that the notice was received by the defendant, consequently all the requirements of the statute were met.

The case of *Felstead v. Eastern Shore Express Inc.*, 5 *W. W. Harr.* (35 *Del.*) 171, 160 *A.* 910, relied upon by the defendant, simply holds that the requirements of the statute must be complied with, in order to give the Court jurisdiction.

In that case it did not appear that the defendant was informed that the service of the process of which he had notice, was as effectual to all intents and purposes as if it had been made upon him personally within this state, and that the notice was sent to him by registered mail.

The motion to quash the return and vacate the writ is hereby denied.