WEBB PACKING COMPANY, a corporation of the State of Maryland, *v.* FRED T. HARMON and FOREST L. HARMON, trading as Fred T. Harmon and Brother.

(*June* 9, 1937.)

RICHARDS, J., sitting.

*John W. Huxley, Jr.*, for plaintiff.

*James M. Tunnell* for petitioners.

Superior Court for New Castle County, No. 158, September Term, 1934.

RICHARDS, J., delivering the opinion of the Court:

The defendants in this case being residents of the State of Virginia, availed themselves of the privilege of using the public highways of the State of Delaware, with a motor vehicle not registered in Delaware. Their said motor vehicle became involved in an accident while being so operated in Delaware. Consequently suit was brought against them in Delaware to recover damages for injuries resulting from said accident. The plaintiff attempted to obtain service of process on the defendants under the provisions of *Chapter 225, Volume 35, Laws of Delaware,* which are in these terms:

"*Section* 1. That on and after the passage of this Act, any non-resident owner, operator or driver of any motor vehicle, not registered under the laws of the State of Delaware providing for the registration of motor vehicles, who shall accept the privilege extended by law to non-residents of this State to operate or drive such motor vehicles on the public streets, roads, turnpikes or highways of this State by operating or driving such motor vehicle or by having the same operated or driven on any public street, road, turnpike or highway of this State shall by such acceptance of said privilege be deemed thereby to have appointed and constituted the Secretary of State of the State of Delaware, his, her, its or their agent for the acceptance of legal process in any civil action against such non-resident owner, operator or driver arising or growing out of any accident or collision occurring within this State in which such motor vehicle, operated as aforesaid, is involved; and said acceptance shall be a signification of the agreement of such non-resident that any such process when so served, as aforesaid, shall be of the same legal force and validity as if served upon such non-resident personally within this State.

"*Section* 2. Service of the legal process provided for in *Section* 1 hereof, with a fee of two dollars, shall be made upon the Secretary of State of the State of Delaware in the same manner as is now or may be thereafter provided by law for service of writs of summons, and when so made shall be as effectual to all intents and purposes as if made personally upon such non-resident within this State; pro-

vided, that a copy of the process with notice of such service, and that under the provisions of this Act it shall be as effectual to all intents and purposes as if it had been made upon such non-resident personally within this State, are forthwith sent by registered mail by the plaintiff in said civil action to said non-resident defendant therein, and the defendant's return receipt and the plaintiff's affidavit of the defendant's non-residence and of the sending of the copy of the process with the notice aforesaid are filed in the said action with the declaration. The Court in which said action is pending may order such continuances as may be necessary to afford the said defendant therein reasonable opportunity to defend the action."

 It has long been a principle of the common law, that the jurisdiction of the courts extends no farther than their territorial boundaries. This being true they cannot legally send their process beyond those limits. The general use of the motor vehicle has eliminated distance, and caused an ever increasing number of non-residents to use our highways for both pleasure and commercial purposes.

In order to provide a method of serving process upon such non-residents, in civil actions growing out of the use of our highways with motor vehicles, the statute above referred to was enacted. Similar statutes have been passed by the legislatures of many states in this country. But the courts of those states have uniformly held that such statutes, being in derogation of the common law, must be strictly construed and strictly followed.

*Felstead v. Eastern Shore Express, Inc.*, 5 *W. W. Harr.* (35 *Del.*) 171, 160 *A.* 910; *Winslow v. Staten Island R. T. Co.*, 51 *Hun.* 298, 4 *N. Y. S.* 169.

 Our statute provides that when service of process is made upon the Secretary of State, as agent for a non-resident defendant, a copy of the writ of summons, with notice of the service, and that under the provisions of the statute it shall be as effectual to all intents and purposes as if it had been made upon such non-resident defendant, personally within this state, shall be forthwith sent by registered mail, to said non-resident defendant by the plain-

tiff in the action. The statute seems to imply that the notice of the effect of the service upon the Secretary of State, must be sent with the copy of the writ of summons, but that is not necessary. As was stated in the case of *Biddle v. Boyd and Goodrich,* 8 *W. W. Harr.* (38 *Del.*) 469, 193 *A.* 593, no particular method of giving notice is necessary, nor is any certain language required to be used. But unless these provisions of the statute are complied with in some manner, the Court is without jurisdiction.

The writ of summons served upon the Secretary of State in this case, a copy of which was sent to the defendants by registered mail, is before the Court. The Sheriff's return showing what was done is in this language:

"Served the within Writ of Summons personally upon Charles H. Grantland, Secretary of State of the State of Delaware, by leaving with him a true and correct copy of said Writ of Summons, together with the sum of Two Dollars, the defendant being a non-resident of the State of Delaware, and having accepted the privilege extended by Law to non-residents of this State to operate or drive vehicles on the public streets, roads, turnpikes or highways of this State, by operating or driving said motor vehicles or by having the same operated or driven on a public street, road, turnpike or Highway of this State and by the acceptance of said privilege being deemed by Law to have appointed and constituted the Secretary of State of the State of Delaware, his agent for acceptance of legal process in any civil action against him arising or growing out of any accident or collision occuring within the said State of Delaware, in which any motor vehicle operated as aforesaid, is involved."

No other notice of the suit was ever sent to the defendants, either accompanying the writ or at any other time. Admitting that the defendants received the copy of the writ of summons, including the Sheriff's return above quoted, there is no portion of it which informs the defendants that it was as effectual to all intents and purposes as if it had been served upon them personally within this State.

This notice to all non-resident defendants, being mandatory under the provisions of the statute, the Court was

without jurisdiction in the case and judgment should never have been entered.

*Felstead v. Eastern Shore Express, Inc.,* 5 *W. W. Harr.* (35 *Del.*) 171, 160 *A.* 910; *Syracuse Trust Co. v. Keller et al.,* 5 *W. W. Harr.* (35 *Del.*) 304, 165 *A.* 327; *Biddle v. Boyd and Goodrich,* 8 *W. W. Harr.* (38 *Del.*) 469, 193 *A.* 593.

■ ■ Judgment having been entered in this case at the January Term, 1935, the Court is confronted with the additional question, of whether it has the power to vacate its judgment after the term of Court at which it was rendered. Admitting the common law principle, that in most cases, the power of Courts to vacate their judgments does not extend beyond the term at which they were entered, the Courts of this State have not always adhered to that rule. But where it has appeared from the record, as in this case, that the defendants have been deprived of rights given them by law, judgments have been vacated.

*Mayor, etc., of Wilmington v. Kearns,* 1 *Houst.* 362; *Frankel v. Satterfield,* 9 *Houst.* 201, 19 *A.* 898; *Jones v. Hinderer,* 7 *Boyce* (30 *Del.*) 516, 108 *A.* 737; *Tweed v. Lockton,* 5 *W. W. Harr.* (35 *Del.*) 474, 167 *A.* 703; see, also, *Smulski v. H. Feinberg Furn. Co.,* 8 *W. W. Harr.* (38 *Del.*) 451, 193 *A.* 585.

The prayer of the petition is granted, and the Prothonotary of New Castle County is hereby directed to mark the judgment vacated on the record.