### COMPTON v COMPTON

Ohio Appeals, 2nd Dist, Franklin Co

No 2939. Decided Nov 21, 1938

B. F. Hughes, Columbus, for plaintiff-appellant.

O. H. Mosier, Columbus, for defendant-appellee.

### OPINION

By HORNBECK, J.

January 21, 1938 plaintiff instituted his

action against defendant for damages for false arrest and filed his petition in the Common Pleas Court of Franklin County, Ohio.

Summons was issued by the sheriff of said county and return made showing personal service on the defendant on that date. Thereafter, on February 15, 1938 the defendant appearing for the purpose of the motion only, moved the court to quash the service of summons upon him for the following reasons:

(1) This defendant at the time of service of summons resided with his wife and family in Licking County, Ohio.

(2) On the day that service was obtained upon him in this action, to-wit, January 21, 1938, he was attending, as a party plaintiff, in the trial of the case of Frank Compton, plaintiff, the William Compton, Jr., et al., defendants in the Common Pleas Court of Franklin County, Ohio, * * * and that while the cause was being heard and during a noon recess the defendant, as he stepped from the court-room into the hallway adjacent thereto was handed a summons by the sheriff of Franklin County; that on said date defendant had come into Franklin County for the sole and only purpose of attending the trial of said case.

This motion was sustained and thereafter on February 18, 1938, plaintiff filed his praecipe with the clerk of the court of Franklin County for issuance of alias summons on the defendant. Thereupon on February 23, 1938, the sheriff returned this summons showing service of a true and certified copy of the writ with all endorsements thereon upon the defendant at his last known address by registered mail, which address was as set forth in the praecipe, Pataskala in Licking County, Ohio, R.F.D. No. 1. A returned registered mail receipt signed by the defendant was attached to and made part of the return of service of the writ. Thereafter on March 9, 1938, the defendant appearing for the purpose of the motion only, moved the court to quash the service of summons by registered mail for the reasons:

(1) That the defendant at the time of service of the summons on him resided with his wife and family in Licking County, Ohio, where said summons was delivered to him.

(2) The action is one for money, brought against this defendant individually and is not an action upon which service of summons can be made upon a defendant residing in a county other than the one in which the action is instituted.

The court sustained this motion.

Plaintiff filed a motion for rehearing directed to the action of the court on the last motion of defendant, which application was overruled, to which exceptions were noted and an appeal on questions of law is prosecuted.

There is but one question presented for decision, namely, under the facts appearing was service by mail as provided by §11297-1 GC properly made upon the defendant.

So much of the section as is pertinent provides,

"In addition to the **methods** of service and return of writs as provided by law, the judge or judges of the Court of Common Pleas * * * in each of the courts of the state * * * may, by rule, provide for the service of writs or process by mail, registered or otherwise * * *"

Pursuant to this authorization the judges of the Court of Common Pleas of Franklin County promulgated a rule of court providing for service by mail. It will be observed by that portion of the section emphasized that its purpose and extent relates only to methods of service and not to the venue of an action or the right to serve a defendant and thereby bring him within the jurisdiction of the court. Thus, if the action instituted by the plaintiff against the defendant would support personal service upon the defendant in Licking County, his residence, or service by publication upon him there then the additional method of service provided in §11297-1 GC could properly be employed to subject him to the jurisdiction of the Common Pleas Court of Franklin County. If neither of such forms of service was authorized, then no authority was granted by §11297-1 GC to serve the defendant by mail.

An action for damages for false arrest falls under the venue provision of §11277 GC which provides,

"Every other action must be brought in the county in which a defendant resides or may be summoned, * * *"

The defendant at the time the alias summons issued did not reside in Franklin County nor could he be personally summoned there. He could not be served by publication under §11292 GC because he was not a nonresident of the state. §11297-1 GC afforded the plaintiff no authority for ser-

vice upon the defendant in the manner therein provided.

We are cited to **Apex Coal Company v Winings, 6 Abs 398** supporting the right of plaintiff to the form of service adopted. An examination of this case discloses that the action was instituted in some court in Harrison County, probably a Common Pleas Court, the name of which does not appear, by Winings against Apex Coal Company and that the coal company was a corporation having its offices in the city of Cleveland. Service was attempted by mail and thereafter default judgment taken against the defendant. Motion to vacate the judgment for want of jurisdiction was interposed, which the trial court overruled, holding that the service was proper. This action was affirmed by the Court of Appeals. This opinion appears to be some authority for the claim of the plaintiff. The facts, however, are incompletely set forth and for that reason we cannot say that the judgment is in direct conflict with our conclusion. However, if it is, we refuse to follow it and will, if desired, make certificate of conflict to the Supreme Court.

The other case cited is **Struble v Meredith et, 51 Oh Ap 201.** This action was in partition and service was made by registered mail upon one of the parties who was a non-resident of the state of Ohio. The question was whether or not such service was effective. The court held that it was. The action in partition was properly brought in Morrow County where the real estate was situated by virtue of §11268 GC. Service by publication upon the party was authorized by sub-heading (2) of §11292 GC. This was a method duly set up by the statute for valid service upon the party. In this situation §11297-1 GC provides an additional method of service.

The order of the Common Pleas Court will be affirmed.

BARNES, PJ, and GEIGER, J, concur.