VIDA, APPELLEE, *v.* VIDA, APPELLANT.

(No. 1180—Decided April 18, 1949.)

*Mr. Joseph A. Ujhelyi,* for appellee.
*Messrs. Levin & Levin,* for appellant.

HUNSICKER, J. At the January, 1939, term of the Common Pleas Court of Lorain County, Margaret Vida, appellee herein, secured a decree of divorce and custody of minor child from Louis Vida, appellant herein. The summons in the divorce action was personally served on the defendant. The decree pro-

vided that Louis Vida pay to Margaret Vida the sum of $4 a week for the minor child's support until the further order of the court.

On October 7, 1948, Margaret Vida, now Margaret Miller, filed a motion to modify the award of support by increasing the allowance, and a motion, affidavit and notice in contempt, alleging Louis Vida to be in arrears on the order of support in the sum of $536. On the same date, a precipe for service of the motions and notice by registered mail was filed with the clerk, directed to the sheriff of Lorain county, and returnable according to law. On October 15, 1948, the sheriff of Lorain county made return of the motion and notice as follows:

"Received this writ on the 7th day of October, 1948, and pursuant to its command, on the 7th day of October, 1948, I deposited in the United States mail, registered and with return receipt requested, a true and certified copy of the motion and notice, with all the endorsements thereon, addressed to the within named, Louis Vida, 8610 Saratoga W., Ferndale 20, Michigan.

"I now return this writ, together with a return receipt signed by Louis Vida."

On October 22, 1948, Louis Vida, appearing only for the purpose of his previously filed motions and for no other purpose, asked the court to set aside the sheriff's return of service of notice of hearing, for the reason that this defendant (appellant), Louis Vida, was a nonresident of the state of Ohio and that service of notice as made by registered mail at Ferndale, Michigan, was contrary to law and void upon its face.

The trial court, after hearing, overruled Louis Vida's motions as to the service of notice, and granted the motions filed by Margaret Vida Miller, by increasing the allowance of support to $10 a week, found the amount of arrearage for support at the sum of $524, and found Louis Vida guilty of contempt.

It is from the judgment on these motions that this appeal on questions of law is taken by Louis Vida, who says the trial court erred in overruling the motions to set aside the sheriff's return of notice of service, the trial court erred in granting the motions as filed by Margaret Vida Miller, and there are other errors manifest upon the face of the record.

Section 11987, General Code, authorizes a court in a divorce action to "make such order for the disposition, care and maintenance of the children, if any, as is just."

The Supreme Court of this state has consistently held that, where a decree of divorce provides for the support of a minor child of the divorced parents, the jurisdiction of the court in the matter of such support continues. *Corbett* v. *Corbett*, 123 Ohio St., 76, 174 N. E., 10; *Tullis* v. *Tullis*, 138 Ohio St., 187, 34 N. E. (2d), 212.

This court in an opinion by Stevens, J., in the case of *Collins* v. *Collins*, 79 Ohio App., 329, 333, 73 N. E. (2d), 814, said:

"The rule is that an order for support, payable in installments, over which the court reserves a continuing jurisdiction, must first be modified by proper proceedings, so as to reduce the installment order to a lump sum award, before a judgment may be entered thereon.

"The 'proper proceedings' to procure a modification may be by motion filed in the same court which entered the order and in the same case in which the original order was made, or by petition filed in a separate action in the same court.

"In either event, whether by motion or petition, notice to the adverse party is essential to invest the court with jurisdiction to determine the question presented."

The only question, then, that confronts us, is: Has

proper notice to the adverse party—in this case, Louis Vida—been given so as to invest the court with jurisdiction of the person of Louis Vida?

Section 11372 *et seq.*, General Code, govern the giving of notice of motions, and Section 11374 specifically says in part:

"The service of a notice shall be made as required for the service of a summons * * *."

The methods of service are personal service, constructive service, also called service by publication, and service by mail.

Mail service (Section 11297-1, General Code) may be provided for by rule of court. It is agreed herein that the judges of the Common Pleas Court of Lorain County by rule provided for the service of writs and summonses by mail.

In the case of *Struble* v. *Meredith*, 51 Ohio App., 201, 200 N. E., 194, the court held:

"Service of summons by registered mail upon a non-resident defendant may be made under the provisions of Section 11297-1, General Code, when the action is one in which service by publication is permitted."

See, also, *Compton, Jr.*, v. *Compton*, 62 Ohio App., 368, 23 N. E. (2d), 987.

Thus, if the action instituted by the filing of these motions by Margaret Vida Miller would support service by publication upon Louis Vida, then the additional method of service provided in Section 11297-1, General Code—to wit, mail service—could properly be employed to subject him to the jurisdiction of the Common Pleas Court of Lorain County.

The provision for service by publication is Section 11292, General Code, which says, in part:

"Service may be made by publication in any of the following cases:

"* * *

"11. In an action or proceeding for a new trial or other relief after judgment * * *."

Does the appellee, mother of the minor child, seek "other relief after judgment"? If she does, then service by publication is permissible, and therefore service by mail is likewise permissible under the facts of this case.

The phrase "other relief after judgment" is the title given to Chapter 6, Division IV, Title IV, Part Third, of the General Code, which Division IV relates to "Judgment." The sections of the General Code contained in such Chapter 6 relate to the power of a court to change its orders during or after term, and the procedure to correct mistakes, omissions or irregularity in obtaining judgments. An examination of these statutes does not disclose any power in a court to exercise jurisdiction over the person of a litigant when a judgment is sought to be modified.

The phrase "other relief after judgment" as used in paragraph "11" of the service-by-publication section (Section 11292, General Code) refers to the type of relief called for by Chapter 6, of the said Division IV relating to judgments, and does not relate to the modification of judgments where the court has continuing jurisdiction of the subject matter and not of the person.

In order, therefore, for the court to obtain jurisdiction of the person of Louis Vida, a proper service of the notice of the pending motions is essential; and since it was not obtained in this case, the judgment must be reversed and the cause remanded for further proceedings.

*Judgment reversed.*

Stevens, P. J., and Doyle, J., concur.