McLean Trucking Co., a North Carolina corporation, v. John H. Stover.

(*August* 31, 1951.)

TERRY, J., sitting.

*Albert L. Simon* for plaintiff.

*William H. Bennethum* for defendant.

Superior Court for New Castle County, No. 48, January Term, 1948.

TERRY, J.:

This is an action by the plaintiff, a North Carolina corporation, to recover damages resulting from a collision in this State between motor vehicles belonging to the plaintiff and the defendant. The defendant was a resident of the State of Pennsylvania. His motor vehicle was not registered under the motor vehicle registration laws of this State.

The above action was brought to the January Term, New Castle County, 1948. Process was issued returnable to the first day of the January Term (January 5, 1948). Service of process was attempted under the provisions of Section 4590 of the *Revised Code* 1935.

"Any non-resident owner, operator or driver of any motor vehicle, not registered under the laws of the State of Delaware providing for the registration of motor vehicles, who shall accept the privilege extended by law to non-residents of this State to operate or drive such motor vehicles on the public streets, roads, turnpikes or highways of this State by operating or driving such motor vehicle or by having the same operated or driven on any public street, road, turnpike or highway of this State shall by such acceptance of said privilege be deemed thereby to have appointed and constituted the Secretary of State of the State of Delaware, his, her, its or their agent for the acceptance of legal process in any civil action against such non-resident owner, operator or driver arising or growing out of any accident or collision occurring within this State in which such motor vehicle, operated as aforesaid, is involved; and said acceptance shall be a signification of the agreement of such non-resident that any such process when so served, as aforesaid, shall be of the same legal force and validity as if served upon such non-resident personally within this State.

"Service of the legal process provided for in this Section, with a fee of two dollars, shall be made upon the Secretary of State of the State of Delaware in the same manner as is now or may be thereafter provided by law for service or writs of summons, and when so made shall be as effectual to all intents and purposes as if made personally upon such non-resident within this State; provided, that a copy of the process with notice of such service, and that under the provisions of this Section it shall be as effectual to all intents and purposes as if it had been made upon such non-resident personally within this State, are forthwith sent by registered mail by the plaintiff in said civil action to said non-resident defendant therein, and the defendant's return receipt and the plaintiff's affidavit of the defendant's non-residence and of the sending of the copy of the process with the notice aforesaid are filed in the said action with the

declaration. The Court in which said action is pending may order such continuances as may be necessary to afford the said defendant therein reasonable opportunity to defend the action."

The Secretary of State was personally served by the Sheriff and the writ was duly returned to the first day of the January Term, 1948 (January 5, 1948). The plaintiff, however, did not send to the non-resident defendant by registered mail as indicated under Section 4590 a copy of the process with notice of such service and the effect thereof until April 5, 1948, more than three months after the return day of the writ.

The defendant moved to dismiss the action upon the ground that the plaintiff did not "forthwith" send to the non-resident defendant a copy of the process with notice of such service and its effect in accordance with the provisions of Section 4590, aforesaid.

■ Judicial process is indispensable to jurisdiction. Section 4590 provides for a vicarious method of service. The formal portion of the service of process under the statute relates to the service of the writ of summons upon the Secretary of State. The substantive portion relates to the forthwith sending by the plaintiff by registered mail of a copy of the process, together with notice of such service and its effect, to the non-resident defendant.

■ The substantive provisions of the statute must be strictly observed, else jurisdiction will be found to be wanting, as under these provisions alone the defendant is informed (1) that an action has been instituted against him; (2) that process has been issued; (3) that his statutory agent has been served with the writ of summons, and (4) the effect of such service upon his statutory agent.

■ The word "forthwith" as used in the statute connotes a compliance with the substantive requirements with reasonable dispatch consistent with the circumstances presented.

The plaintiff contends that the action should not be dismissed unless the defendant can show that he has been prejudiced by reason of the plaintiff's delay in sending a copy of the process, together with service thereof and its effect, to the non-resident defendant. This contention does not answer the question presented. The question is one of due process under Section 4590, and, as such, the substantive provisions thereof must be strictly observed.

I am of the opinion that the sending of the registered letter by the plaintiff to the non-resident defendant on April 5, 1948 containing a copy of the process, together with service thereof upon the Secretary of State and its effect, did not under the circumstances of the present case constitute a "forthwith" sending thereof under the substantive provisions of Section 4590, aforesaid. Compare *Webb Packing Co. v. Harmon,* 8 *W. W. Harr.* 476, 193 *A.* 596; *Id.,* 9 *W. W. Harr.* 22, 196 *A.* 158.

The plaintiff's attempted process must be said to be a nullity. Due process of law has been denied to the defendant. This Court lacks jurisdiction to entertain the present action.

The defendant's motion to dismiss is granted, and an order will be entered accordingly.