VAN DIVORT, APPELLEE, *v.* VAN DIVORT, APPELLANT.*

(No. 5245—Decided May 9, 1955.)

*Mr. Horace S. Kerr,* for appellee.
*Messrs. Hamilton & Kramer,* for appellant.

HORNBECK, J. This is an appeal on questions of law from an order of the Court of Common Pleas, Division of Domesti

---

*Judgment affirmed, 165 Ohio St., 141.

Relations, modifying a former support and maintenance order for two minor children of the parties.

The plaintiff was granted a divorce from the defendant on March 28, 1949, custody of their children was awarded to her, and $100 per month fixed for their support. The defendant was served with summons and a copy of the petition when the action was instituted. Thereafter, the defendant moved from the state of Ohio and was a nonresident thereof at the time the motion for an increase in the support order was filed and heard. The motion was filed on August 31, 1954, and a copy thereof, together with the time when it would be heard, was mailed to the defendant at his place of residence in Coventry, Connecticut; and such notice was served later upon counsel for the defendant.

On September 17, 1954, the defendant, appearing solely for the purpose of the motion, moved to quash the alleged service upon him. The grounds of the motion were:

1. There is no authority at law for the issuing of such service of notice;

2. The defendant is not a resident of the state of Ohio, as is shown on the face of the motion;

3. This court has no jurisdiction of the person of the defendant;

4. Such pretended and alleged service of notice is not authorized by the statutes of this state and is, therefore, contrary to law.

The motion was heard; its overruling recommended by the court referral officer, both on the original motion and on application for rehearing; the recommendation was accepted by Judge Rose of the Domestic Relations Court; and the motion to quash service of notice was overruled. The motion to quash service of notice on counsel for defendant was sustained.

The appellant assigns the following errors:

1. The overruling of the defendant's motion to quash the alleged service of motion and notice upon the defendant.

2. The decision was contrary to law.

3. The court erred in not finding in favor of defendant.

4. In failing to find that the defendant was a nonresident of the state of Ohio and had not been personally served.

5. In failing to find that the defendant was not within the jurisdiction of the trial court.

6. In failing to find that the defendant had never been legally served with a copy of the alleged notice and motion.

7. In failing to find that the defendant was not subject to the jurisdiction of the trial court.

8. In failing to find that no personal service of process was had upon this defendant.

Although the numbered assignments are increased over the grounds of the motion to dismiss for want of jurisdiction, they raise the same questions.

The motion challenging the jurisdiction of the court of the person of the defendant is correct in form and does not enter the appearance of the defendant generally.

We do not discuss the many cases cited by appellant which have reference only to the essential procedure to subject the defendant to a personal judgment in the original action for divorce, custody and support.

The principal and determinative question on this appeal is whether the method followed by the plaintiff in giving notice of the motion for modification of the support order for the children of the parties was sufficient to authorize the court to determine and decide the motion. It is our opinion that it was.

There is no question that the court, in the original action for divorce, had jurisdiction of the subject matter; and, by reason of service of summons upon the defendant, then a resident of Franklin County, Ohio, of his person, and authority to adjudicate all matters including custody and support of the children. Nor is there any doubt in Ohio that custodial and support orders, whether or not they so provide, are the subject of the continuing jurisdiction of the court and may be modified upon proper application whenever the character and the circumstances of the cases or the parties require. 14 Ohio Jurisprudence, 544, citing *Hoffman* v. *Hoffman*, 15 Ohio St., 427; *In re Crist*, 89 Ohio St., 33, 105 N. E., 71; *Addams, Judge*, v. *State, ex rel. Hubbell*, 104 Ohio St., 475; *Josh* v. *Josh*, 120 Ohio St., 151, 165 N. E., 717; *Monahan* v. *Monahan*, 14 Ohio App., 116; *Connolly* v. *Connolly*, 16 Ohio App., 92. To like effect are *Neil* v. *Neil*, 38 Ohio St., 558; *Rogers* v. *Rogers*, 51 Ohio St., 1, 5,

36 N. E., 310; *Corbett* v. *Corbett*, 123 Ohio St., 76, 174 N. E., 10; *Tullis* v. *Tullis*, 138 Ohio St., 187, 34 N. E. (2d), 212; *Seitz* v. *Seitz*, 156 Ohio St., 516, 103 N. E. (2d), 741. Although the .courts in none of the cited cases expressly stated that the continuing jurisdiction relates both to the subject matter and the person, it is implicit in the holdings. If the court has the continuing right to change an order made in personam, it follows that it retains the jurisdiction originally granted. Courts in other states have been more explicit on the subject of the extent of the jurisdiction and the requisite notice to the defendant of a motion to modify a custodial or support order.

*State, ex rel. Groves,* v. *First Judicial District Court of Ormsby County,* 61 Nev., 269, 276, 125 P. (2d), 723:

"By the great weight of authority an application for modification of provisions of a divorce decree respecting custody of minor children is a supplementary proceeding, incident to the original suit; it is not an independent proceeding or the commencement of a new action. The jurisdiction to order such modifications is a continuing one. * * *

"* * * Under sec. 9462 N. C. L., 1929, the trial court, after rendition and entry of a divorce decree containing provisions respecting the custody of minor children, retains the same jurisdiction over the parties and the subject matter to which the proviso in said section relates that it had and exercised prior to the making and entry of the decree. * * * The same rule applies with respect to the support of such children where jurisdiction is reserved by the decree.

"In cases of application for modification respecting custody or support of minor children, the general rule is that issuance of new summons or process, or new personal service of notice, is unnecessary."

At page 279:

"Where, as in Nevada, neither the statutes nor rules of court specify whether the application for modification of the provisions of a divorce decree relating to custody or support of children shall be made by motion, petition, or otherwise, nor how notice of the hearing of such application must be made, the prevailing rule is that the courts will not concern themselves so much with the form of the application or the manner of giv-

ing notice, as with the reasonableness of the notice under the circumstances existing in the particular case." Citing *Cornelison* v. *Cornelison*, 53 Idaho, 266, 23 P. (2d), 252.

In *Elkins* v. *Elkins*, 299 F., 690, in the sixth paragraph of the headnotes it is held:

"A defendant against whom a divorce decree has been rendered is entitled to receive such notice of a motion to increase allowance for child support as is required by rules of practice in trial courts."

And in the seventh paragraph of the headnotes it is held:

"A decree based on a defective or irregular notice of a motion to increase allowance for child support may be erroneous, but it is not absolutely void."

The judge writing the opinion, speaking of the service of the notice of the motion said, at page 694:

"That service, of course, would not have been effective as original process to establish the court's jurisdiction over the defendant for purposes of a money judgment, since it was made outside of the jurisdictional limits of the court. But it was sufficient as interlocutory service, since jurisdiction already existed."

The court held also that notice by registered letter was sufficient, and said at page 694:

"We repeat that the defendant was all the time subject to the jurisdiction of the court for the purpose of all orders and decrees respecting the care, custody, and maintenance of the child, and if any error of procedure intervened it would not render the decree void."

In *White* v. *White*, 65 N. J. E., 741, 55 A., 739, in the third paragraph of the syllabus, it is said:

"But where jurisdiction has once been acquired over his person, and a decree has been made establishing the parental duty of maintenance, and requiring payment of a weekly allowance, at the same time reserving for future determination the question of an increase in the amount of the allowance, notice of further proceedings intended to be made the basis of such an increase may be given in such manner as the chancellor in his discretion sees fit."

In *Harris* v. *Harris*, 71 Wash., 307, 309, 128 P., 673, it is said:

"It need only be added that appellant's contention, that the courts of Washington acquired no jurisdiction over his person by the service of the motion upon him in the state of California, is not well taken. Inasmuch as the court, by virtue of its original jurisdiction and its continuing decree, retained jurisdiction over both person and subject-matter, no original process was necessary to regain a jurisdiction never lost. That such a jurisdiction is retained, and is not defeated by the departure from the state, is well settled. * * * But where, as here, the decree is not final, but continuing, the original jurisdiction continues, and the court has as much power to order subsequent modifications as it had to enter decree in the first instance."

In *Cornelison* v. *Cornelison,* 53 Idaho, 266, 23 P. (2d), 252, paragraph two of the headnotes, it is held:

"Motion *held* unnecessary, though proper, to invoke court's jurisdiction to vacate or modify provisions of divorce decree providing for custody and maintenance of minor children * * *."

The state of Idaho carried into its Code provision for continuing jurisdiction of maintenance orders in divorce cases, which is the rule in Ohio by judicial decision. The court said in the *Cornelison case, supra,* that it was unable to find any Code procedure (as in Ohio) for vacating or modifying a provision in a decree of divorce for the custody and maintenance of minor children of a marriage thereby dissolved.

We are satisfied then, that the trial court in the divorce action retained jurisdiction of the person of the defendant as well as the subject matter of the action, and, as to the support money order, the right to modify it at the time and in the manner in which it was done. It is not contemplated that a plaintiff, upon a motion to modify a support order, shall be compelled to repeat the service of process such as was necessary to clothe the court with jurisdiction of the person in the original action.

Although the defendant says in one of his briefs that "the only thing the defendant is doing in this case, by his motion, is to object to the court's jurisdiction over his person," it is further urged that the service of notice of the motion should be quashed because it is not in conformity with Sections 2309.67, 2309.68 and 2309.69, Revised Code.

Section 2309.67, Revised Code, provides:

"When notice of a motion is required, it must be in writing and contain the names of the parties to the action or proceeding in which it is made, * * *. The notice shall be served a reasonable time before the hearing."

Section 2309.68, Revised Code, provides:

"Notices of motions may be served by a sheriff, coroner, or constable, or by a disinterested person. The return of an officer, or affidavit of such person, shall be proof of service."

Section 2309.69, Revised Code, provides:

"The service of a notice shall be made as required for the service of a summons, * * *. The service shall be on the party, or his attorney of record, *if either is a resident of the county in which the motion is made.* * * *" (Emphasis ours.)

The italicized portions of Section 2309.69, Revised Code, could have no application to the defendant in the situation presented on the motion in this case or to any other like motion where the person to whom it is addressed is, at the time it is filed, a nonresident of the state. Nor could the provision as to the service upon counsel of the party have application in the instant cause because the defendant had no counsel of record when the motion was filed. If service by publication would meet the intendment of Section 2309.69, Revised Code, it could not subject the defendant to a personal judgment.

The foregoing sections, in our judgment, do not control the method of service of the notice of the motion in this proceeding, because notice is not required as contemplated by Section 2309.67, Revised Code. No requirement of notice of a motion to modify a support order in a divorce case is found in any provision of the Code.

The trial court found that notice of the motion had been given to defendant, as required by Rule XIX of the Rules of the Common Pleas Court of Franklin County.

The rulings on all the motions to quash were made on or before November 8, 1954. Manifestly, any proof relative to these motions, including the notice to the defendant, was before the court prior to November 8, 1954. The first proceedings and testimony in the bill of exceptions are dated November 15, 1954. The finding in the court's order that the "service by mail in this cause complied with Rule XIX of the Court of Common

Pleas of Franklin County, Ohio," must be presumed to have. been supported by the developments when the motions were decided. If the defendant expected this court to find a different state of the record, the facts to support it should have been made a part of the bill. If the rule of court as to the service of the notice was observed and it properly related to the service, it was the only provision that was made for the manner of service of the motion on the defendant. If the rule did not contemplate provision for service of the notice of the motion, then there was no provision either by statute or by rule of court governing the service of notice on the defendant.

On page 7 of the bill, counsel for the defendant said, "Now there was no issuing of anything here by this court. The only thing that the man received was a copy of the notice mailed to him." The purpose of notice is to establish knowledge. The defendant, admittedly receiving the notice, had knowledge of the motion, its purpose and the date of hearing. He was charged with the knowledge that the court which made the original support money order had continuing jurisdiction of his person and the continuing right to change that order. As a matter of public policy and fairness to the defendant, it was the obligation of the court to make sure that he was apprised of the application of the plaintiff for modification of the support order. The court had inherent power to do all things reasonably necessary for the administration of justice within the scope of its jurisdiction. State v. Townley, 67 Ohio St., 21, 65 N. E., 149, 93 Am. St. Rep., 636. The action taken by the court, if not controlled by Rule XIX, was within its inherent power, inasmuch as no specific provision of statute was made for service of the notice of the motion on the defendant.

If the contention of the defendant as to the jurisdiction of the court to make the order modifying the former support money order is sound, any party of whom the court had personal jurisdiction in a divorce case, and against whom such original support order had been made, can, by moving across a state line, prevent any modification of such order affecting him unless it affirmatively appears that he moved to avoid service of summons on him. In probability, a party could also prevent any successful criminal prosecution against him for failure to pro-

vide for his children, no matter how inadequate the original order may have been to accomplish that purpose. We would hesitate to construe the law to give it such effect unless it is clear that it should be done.

We are not defining what procedure must be adopted generally to charge a nonresident defendant over whom the court has personal jurisdiction with notice of a motion to modify a support decree; but we hold that, in this case, when the court was satisfied that the defendant had notice under its rule, or, if no rule applied, had actual knowledge of the motion and when it was to be heard, it had the authority to exercise the jurisdiction which it had never lost.

Counsel for the defendant has called attention to proposed pending legislation (H. B. No. 79), amending Section 2703.14, Revised Code, to permit service by publication in all cases where the court has continuing jurisdiction of the subject matter, including:

"(M) In an action or proceeding to modify a judgment when the court has continuing jurisdiction of the subject matter, when the defendant or any of the parties is not a resident of this state or his place of residence cannot be ascertained."

This amendment does not purport to accomplish more than subject a party to the jurisdiction of the court as to subject matter. It does not affect the jurisdiction of the person of a party.

We are mindful that two appellate courts, for whose judgment we have the highest respect, have held differently than we in *Reynolds* v. *Reynolds,* 12 Ohio App., 63, and in *Vida* v. *Vida,* 86 Ohio App., 139, 90 N. E. (2d), 441. If counsel for the appellant desires, we will certify to the Supreme Court that our judgment on this appeal is in conflict with the judgment in *Vida* v. *Vida, supra.*

*Judgment affirmed.*

MILLER, P. J., and WISEMAN, J., concur.