ALBANY,
Feb. 1825.

Tucker
v.
Ladd.

## Tucker and others *against* Ladd and Ladd.

B. F. Butler, for the plaintiffs, moved to strike out the second plea of the defendant. It was a plea of set-off; and he read affidavits showing that it was false and unfounded in point of fact; and he also insisted, that a set-off can not be pleaded under the statute of this state. (*Alsop* v. *Caines,* 10 John. Rep. 396. *Caines* v. *Brisban,* 13 id. 9.) The defendants had also given notice of setting off the same matters stated in the plea. He cited *Steward* v. *Hotchkiss,* (2 Cowen's Rep. 635,) *Richmond* v. *Tallmadge,* (16 John. Rep. 312, per Kent, Chancellor,) and 1 Archb. Pr. 121.

*H. Bleeker,* contra, proposed to read an affidavit of one of the defendants, taken before a notary public, at Portsmouth, in the state of New Hampshire, attested by his hand and seal of office, the deponent residing in that state.

*Butler,* objected to this ; but,

*Per Curiam.* We have been in the habit of receiving affidavits thus taken, under such circumstances.(*a*)

*Bleeker* then read the affidavit, which stated that the defendant expected to be able to prove all the material allegations in the special plea.

*Curia.* We do not interfere to set aside a plea merely on the ground of its falsity, unless it be also apparent that it is intended to entrap the plaintiff; being of a doubtful character, and calling for a course of special pleading, which may compromit his rights. We said no more in *Steward* v. *Hotchkiss.* In this case, if, as insisted, the plea is plainly defective, the plaintiffs might have demurred. But it is

The court will not set aside a plea, on the ground of its being false, unless it also appear to be intended artfully to draw the plaintiff into a course of special pleading which may compromit his rights, and not then if the defendant swear that he expects to be able to prove it.

Affidavit taken before a notary public of New Hampshire allowed to be read.

(*a*) Vid. 1 Dunl. Pr. 106, 312, 313, and the cases there cited.

enough that the defendant swears he expects to be able to prove his plea. The motion must be denied with costs.

Rule accordingly.(*b*)

(*b*) Since the decision in *Richley* v. *Proone*, (1 B. & C. 286,) which I inserted in a note to *Steward* v. *Hotchkiss*, (2 Cowen's Rep. 637,) both the Common Pleas and King's Bench of England have brought their practice of setting aside false pleas on motion, within the qualification which this court have acted upon in the only two reported cases going to the question ; viz. *Steward* v. *Hotchkiss* and the present case.

*Young* v. *Gadderer*, (M. T. 1823, 1 Bing. 380,) was an action on a bill of exchange, to which the defendant pleaded a judgment recovered for the same debt.

*Pell*, Serjt. upon an affidavit which showed that this plea was not resorted to till the 25th of November, after the defendant had succeeded in gaining time and deluding the plaintiff during the preceding part of the term by repeated promises to pay, moved that the plaintiff might· be at liberty to set aside this, as a sham plea, and sign judgment. He referred to *Richley* v. *Proone*, (1 B. & C. 286,) where to an action of use and occupation, the defendant having pleaded the delivery of a ton of Riga hemp in satisfaction, the court permitted the plaintiff to sign judgment ; no ·longer requiring for the ground of interference, as in *Barclay* v. *Godslake*, (2 B. & A. 199,) that the plea should· be so far ingenious as to occasion perplexity and expense to the plaintiff.

PARK, J. There is no ground for our interference in the present case. The principle which has generally been acted upon in the Court of King's Bench is, that if the plea, being false, be also such as to demand different modes of trial, or so ingenious as to occasion perplexity and expense to the plaintiff, the court will allow him to sign judgment. The first case on the subject was *Solomons* v. *Lyon*, (1 East, 369,) where the court permitted the plaintiff to amend without payment of costs, because the defendant had pleaded a sham plea ; and with a view to discountenance such practice. In *Thomas* v. *Vandermoolen*, (2 B. & A. 197,) where the defendant had falsely pleaded payment, and a judgment recovered, the court permitted the plaintiff to sign judgment, because issues had been raised which required different modes of trial, and imposed on the plaintiff an improper difficulty ; and in *Bartley* v. *Godslake*, where the defendant pleaded, that in satisfaction of the plaintiff's claim he endorsed to him a bill· of exchange, and had assigned an Irish judgment ; the court said, "This being an ingenious plea, which the plaintiff's attorney could not be expected to understand, would put him to the necessity of consulting counsel, and thereby occasion delay and expense." In the present case only one issue has been raised ; the plea is one of the most usual ; and the affidavit in support of the rule does not allege, as it ought to have done, (*Bones* v. *Purter*, 2 B. & A. 777,) that the plea is· false.

Rule refused.

On the following day, *Park, J.* referred to *Merrington* v. *Becket*, (2 B. & C. 81,) as confirmatory of the view the court had entertained with respect to the practice in the Court of King's Bench.