## THOMAS v. FURNESS (PACIFIC) LIMITED, et al.

### No. 11765.

United States Court of Appeals
Ninth Circuit.

Dec. 22, 1948.

Gladstein, Andersen, Resner & Sawyer and Herbert Resner, all of San Francisco, Cal., for appellant.

McCutchen, Thomas, Matthews, Griffiths & Greene, Farnham P. Griffiths, Charles E. Finney and Brent M. Abel, all of San Francisco, Cal., for appellees.

Before MATHEWS, STEPHENS and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

Plaintiff, George Thomas, brought an action against Furness (Pacific) Limited, a Canadian corporation, hereafter called Furness, in the Superior Court of the State of California in and for the City and County of San Francisco. On petition of Furness, the action was removed to the United States District Court for the Northern District of California. There Shaw, Savill & Albion, Ltd., a British corporation, hereafter called Shaw, was joined as a defendant. A summons was issued against Shaw and was served on James West. Furness appeared generally and moved for a summary judgment in its favor.[1] Shaw appeared specially and moved to quash the service of the summons issued against it and to dismiss the action as to it for lack of jurisdiction of its person. The motions were heard, and judgment was thereupon entered as follows:

" (1) That the motion for a summary judgment made by [Furness] be, and it

---

[1] Subdivisions (b) and (c) of Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provide:

"(b) A party against whom a claim * * * is asserted * * * may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

"(c) The motion shall be served at least 10 days before the time specified for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

hereby is, granted, and that the complaint herein be, and it hereby is, dismissed as against [Furness] with prejudice to the commencement of another action.

" (2) That the motion of [Shaw] to quash the service of summons upon [Shaw] be, and it hereby is, granted and the complaint herein is dismissed as against [Shaw] with prejudice to the commencement of another action in this or any other district within the State of California."

From that judgment plaintiff has appealed.

There was in this case a complaint and an amended complaint. No other pleading was filed. The amended complaint stated, in substance, that at all times mentioned therein defendants (Furness and Shaw) owned and operated the British vessel Fordsdale; that on or about May 21, 1946, the vessel was docked at the port of Oakland, California; that plaintiff was then and there an invitee of defendants on the vessel; that defendants then and there negligently failed to safely and properly maintain the vessel and its main deck, winches, appurtenances, gear and appliances and negligently failed to maintain proper and sufficient lights on the vessel; that the vessel was therefore unseaworthy; and that, as a result of said negligence and unseaworthiness, plaintiff then and there sustained injuries for which he prayed judgment for damages in the sum of $25,800.

 The motion of Furness for a summary judgment was supported by an affidavit of West. The motion and affidavit were duly served on plaintiff. No opposing affidavit was served. No deposition or admission was filed. West testified at the hearing. His affidavit and testimony, neither of which was controverted, showed that Furness did not own or operate the vessel mentioned in the amended complaint, was not guilty of the negligence charged therein, was not responsible for the vessel's unseaworthiness, if it was unseaworthy, and was not liable for plaintiff's injuries, if he was injured. Thus it was shown that there was, as between plaintiff and Furness,

no genuine issue as to any material fact, and that Furness was entitled to a judgment as a matter of law. Hence the motion of Furness was properly granted.[2]

As stated above, the summons issued against Shaw was served on West. West's testimony showed that he was not an officer, agent or general manager of Shaw and was not authorized to receive service of process issued against Shaw.[3] Hence Shaw's motion to quash the service of the summons issued against it and to dismiss the action as to it was properly granted.

The judgment did not merely grant Shaw's motion. That is to say, it did not merely quash the service of the summons and dismiss the action as to Shaw. It provided, in addition, that the dismissal of the action as to Shaw should be "with prejudice to the commencement of another action in this or any other district within the State of California." This provision was unwarranted, and the judgment is modified so as to eliminate it.

As thus modified, the judgment is affirmed.

---

[2] See subdivision (c) of Rule 56.

[3] See paragraphs (3) and (7) of subdivision (d) of Rule 4 of the Federal Rules of Civil Procedure and § 6500 of the California Corporations Code.