## WASHINGTON et al. v. McGRATH et al.
### No. 10413.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 23, 1950.

Decided April 17, 1950.

Mr. Murray Gordon, of the Bar of the Supreme Court of New York, pro hac vice, by special leave of Court, New York City, for appellants. Messrs. O. John Rogge and Josiah Lyman, Washington, D. C., also entered appearances for appellants.

Mr. Howard Wood, Attorney, Department of Justice, of the Bar of the Supreme Court of New York, pro hac vice, by special leave of Court, Washington, D. C., with whom Assistant Attorney General H. G. Morison, Mr. George Morris Fay, United States Attorney, Washington, D. C., and Mr. Edward H. Hickey, Special Assistant to the Attorney General, were on the brief, for appellees. Mr. Joseph M. Howard, Assistant United States Attorney, Washington, D. C., also entered an appearance for appellees.

Before EDGERTON, PRETTYMAN and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Columbia which dismissed the complaint in a civil action. The action was brought by twenty-six employees of the Post Office Department on behalf of themselves and all others similarly situated. Named as defendants were the Attorney General, the Postmaster General, members of the Post Office Department Loyalty Board, and members of the Loyalty Review Board of the Civil Service Commission. Each of the plaintiffs had received from the Post Office Department Loyalty Board a written notice of proposed removal from employment on the basis that reasonable grounds existed for belief that the addressee was disloyal to the United States. The complaint sought an injunction against any action pursuant to Executive Order No. 9835 [1] and a decree declaring that Order to be unconstitutional.

1. 12 Fed.Reg.1935 (1947); 3 Code Fed.Regs. 132 (Supp.1947) 5 U.S.C.A. § 631 note.

At the time of the hearing in the trial court, hearings before the Post Office Loyalty Board had been held at the request of some of the plaintiffs, pursuant to the Order, and such hearings in some cases had not then been held; some plaintiffs had been suspended and some had not been; some had been advised of the ruling of that Board and some had not then been advised.

Attached to appellees' brief is a letter from the Civil Service Commission, giving the status of the various cases as of December 1, 1949. In the view which we take of the case, it is unnecessary to consider that phase of the matter.

All contentions made by appellants, except the one discussed in our next paragraph, have been considered and passed upon by this court in Joint Anti-Fascist Refugee Committee v. Clark,[2] Friedman v. Schwellenbach,[3] Bailey v. Richardson,[4] and International Workers Order v. McGrath.[5] Upon authority of those cases, the judgment of the District Court in the case at bar must be affirmed.

In their complaint appellants alleged "upon information and belief" that a majority of those removed were Jewish or Negro and, upon the basis of that allegation, averred unconstitutional discrimination. Elsewhere in the complaint they alleged, also upon information and belief, that defendants determine the loyalty of employees "solely" upon the basis of association with certain organizations and individuals. Appellees attached to their motion to dismiss and for summary judgment affidavits, with supporting exhibits, which extensively recited the procedure under the Executive Order and demonstrated that neither the race nor the religion of the employee enters into these proceedings; that the forms which initiate the proceedings contain no reference to race or religion; and that neither the Loyalty Boards nor the heads of the executive agencies request any such information. The affiants assert that the factual allegations in the complaint are without foundation. No contradictory affidavits were filed, and there would thus appear to be no genuine issue of fact upon the subject. Under the rule of National War Labor Board v. Montgomery Ward & Co.,[6] the court was justified in taking that state of the pleadings into account in acting upon the motion to dismiss.

Affirmed.

EDGERTON, Circuit Judge (dissenting).

I dissent for the reasons stated in dissent in Bailey v. Richardson, 86 U.S.App. D.C. ——, 182 F.2d 46.

2. 1949, 85 U.S.App.D.C. 255, 177 F.2d 79, certiorari granted Joint Anti-Fascist Refugee Committee v. McGrath, 1950, 339 U.S. 910, 70 S.Ct. 573.

3. 1946, 81 U.S.App.D.C. 365, 159 F.2d 22, certiorari denied 1947, 330 U.S. 838, 67 S.Ct. 979, 91 L.Ed. 1285.

4. 1950, 86 U.S.App.D.C. ——, 182 F.2d 46.

5. 1950, 86 U.S.App.D.C. ——, 182 F.2d 368.

6. 1944, 79 U.S.App.D.C. 200, 203, 144 F.2d 528, 531, certiorari denied 1944, 323 U.S. 774, 65 S.Ct. 134, 89 L.Ed. 619.