Mildred P. BUCHOLZ, Plaintiff,

v.

Perry HUTTON, Defendant.

Civ. A. No. 1899.

United States District Court
D. Montana,
Havre Division.

July 8, 1957.

Richard V. Bottomly, Great Falls, Mont., for plaintiff.

Leonard H. Langen, Glasgow, Mont., for defendant.

JAMESON, District Judge.

Defendant has filed a motion to set aside the service of summons and dismiss the action, on the ground that the defendant has not been properly served with process in the manner required by Sections 53–201 to 53–206, Revised Codes of Montana, 1947, providing for service on non-resident owners and operators of motor vehicles. In particular, defendant claims a failure to comply with the proviso in Section 53–204, which reads:

"Service of process, how made—fees. Service of such summons or process under sections 53–202 and 53–203 shall be made by leaving a copy thereof with a fee of two dollars ($2.00) with the secretary of state of the state of Montana, or in his office, and such service shall be sufficient and valid personal service upon the defendant.

"Provided, that notice of such service and a copy of the summons or process is forthwith sent by registered mail requiring personal delivery, by the plaintiff to the defendant and the defendant's return receipt and plaintiff's affidavit of compliance herewith are appended to the process and entered as a part of the return thereof."

The action was instituted by plaintiff in the District Court of Valley County, Montana, and removed by defendant to this court by reason of diversity of citizenship. Substituted service of summons was made upon the Secretary of State of the State of Montana on November 21, 1956. On November 20, 1956, plaintiff's attorney sent from Great Falls, Montana, by registered mail, with return receipt requested, a notice directed to the defendant at 6402–120th Avenue, Edmonton, Alberta, Canada, reading as follows:

"Notice To the Above Named Defendant, Perry Hutton:

"You are hereby notified that pursuant to the Laws of the State of Montana, in such cases made and provided, service of summons in the above entitled action is made upon you by service of copy of the summons, issued, together with a copy of the complaint and notice on file herein, on the Honorable S. C. Ar-

nold, Secretary of State, of the State of Montana.

"A copy of the summons and complaint, and notice are attached hereto."

|  |  |
|---|---|
| Postmark of the office of destination. | of the Addressee: |
|  | P. Hutton E. H. Manning |

This receipt must be signed by the addressee, or, if the regulations of the country of destination so provide, by the agent of the office of destination, and returned by the first mail direct to the sender."

Return of summons showing service on the Secretary of State was filed in the District Court of Valley County, Montana, on November 28, 1956, together with affidavit of the Secretary of State reciting that on November 21, 1956, he mailed a copy of the summons and complaint to the defendant at the address given above.

On December 7, 1956, a transcript of the proceedings in the state court was filed in this court. On December 5th, plaintiff's attorney mailed to the clerk of the state court a copy of the notice to the defendant, the return receipt referred to above, and the attorney's affidavit of compliance. By stipulation, these instruments have been filed in this court.

The foregoing is undisputed and is supported by the record. In further support of his motion, defendant has filed affidavits of Joyce Hutton, wife of the defendant, and Emanual H. Manning, from which it appears that the defendant is a member of the Royal Canadian Air Force; that defendant and his wife lived in a basement apartment of a dwelling house at 6402–120th Avenue, Edmonton, Alberta, owned by Manning and his wife; that on November 20, 1956, defendant departed permanently from said address, having been transferred by the Royal Canadian Air Force to a post outside of Canada; that defendant's

The return receipt therefor, signed on November 22, 1956, reads as follows:

"The undersigned declares that the article described on the other side was duly delivered on Nov 22, 1956.

Signature:
of the agent of the office
of destination

E. J. Cutt

wife continued to reside in said apartment until November 24, 1956, when she moved to Calgary; that on November 22, 1956, a registered letter from the law office of plaintiff's attorney, addressed to the defendant, was delivered to Emanual H. Manning by a representative of the post office department and that Manning signed a receipt therefor; that Joyce Hutton, upon returning to her apartment, found this letter on the table and opened it. Both Joyce Hutton and Emanual H. Manning state in their affidavits that Manning had no authority to receive mail on behalf of the defendant or to sign defendant's name on any receipt in connection with the delivery of registered mail addressed to the defendant. The envelope containing the notice is attached to these affidavits as an exhibit and, in addition to the address and return address of the sender, contains the notations "Please Forward", "Registered Mail" and "Return Receipt Requested."

The affidavits of Joyce Hutton and Manning are sworn to before a notary public. Counsel for plaintiff contend that these affidavits should be stricken from the files, on the ground that they do not conform to the provisions of Section 93–1701–6, Revised Codes of Montana, 1947, providing that affidavits taken in a foreign country may be taken before "an ambassador, minister, consul, vice-consul or consulor agent of the United States, or before any judge of a court of record having a seal in such foreign country."

The motion is also supported by an affidavit of Leonard H. Langen, attorney for the defendant, which recites among other things that he conducted an investigation by telephone and that such investigation revealed that the envelope containing the notice and copy of the summons and complaint was delivered to Mr. or Mrs. Emanual Manning, who receipted therefor on November 22, 1956; that on said date the defendant did not reside at the address specified on the envelope or in Edmonton, and that prior to November 22, 1956, he had been transferred to a post outside of Canada.

The affidavit of compliance of plaintiff's attorney recites in part:

"That on the 10th day of November, 1956, affiant sent by registered mail, to addressee only, a notice to defendant that service of summons in the above entitled action was made upon the Secretary of the State of Montana, together with a copy of the summons and complaint in said action, the envelope in which such notice and copies of summons and complaint were contained was addressed to the defendant as follows: Perry Hutton, 6402–120 Avenue, Edmonton, Alberta, Canada, as is evidenced by the return receipt hereto attached and made a part hereof."

It is obvious that the reference to the 10th day of November was a typographical error and that the notice and copy of summons and complaint were actually mailed on the 20th day of November. While the affidavit recites that these instruments were sent "by registered mail, to addressee only", the envelope, as noted above, contains the notations "Please Forward", "Registered Mail" and "Return Receipt Requested", and does not contain any stamped notation reading "To be Delivered to Addressee Only", or other legend requiring personal delivery to the addressee.

Aside from the affidavit of compliance, no affidavits have been filed by plaintiff to controvert defendant's affidavits. Plaintiff relies upon a series of presumptions,—that official duty has been regularly performed, that a letter duly directed and mailed was received in the regular course of mail, the identity of persons and names, and that accordingly defendant was personally served and signed a receipt which was returned, or that notice was received by his agent, and that defendant or his agent opened the envelope.

Defendant questions the sufficiency of the service on three counts: (1) plaintiff's notice of service of summons on the Secretary of State was mailed the day before service was actually made, and accordingly was not notice of an existing fact; (2) the notice arrived at the address to which it was addressed after defendant had departed therefrom and defendant did not sign a receipt for the notice; and (3) the return of service of summons on the Secretary of State did not have appended thereto as a part of the return plaintiff's affidavit of compliance.

No question is raised as to the validity of the statute in question, which has been upheld by the Supreme Court of Montana. State ex rel. Charette v. District Court, 107 Mont. 489, 86 P.2d 750; State ex rel. Thompson v. District Court, 108 Mont. 362, 91 P.2d 422, and State ex rel. Gallagher v. District Court, 112 Mont. 253, 114 P.2d 1047. Under the Montana law the provisions of the Act and proceedings thereunder must be "liberally construed with a view to effect their objects and to promote justice." Section 12–202, R.C.M.1947, State ex rel. Gallagher v. District Court, supra. Even though the statutes and proceedings should be liberally construed there must be a compliance with the plain mandates of the statute. Moreover, the Montana Supreme Court has said that "it is the settled judicial policy of this state that more accurate observance, with regard to compliance with provisions of the statutes, is required in constructive service than in personal service  *  *  *." Holt v. Sather, 81 Mont. 442, 264 P. 108, 111.

■   The Federal Rules of Civil Procedure, 28 U.S.C.A., specifically provide that motions may be supported by affidavits (Rules 6(d) and 43(e) and authorize opposing affidavits. No affidavits have been filed in opposition to the recitals in the affidavits referred to above. Where affidavits in support of motions of this nature are not controverted, they are deemed admitted for the purpose of the motion. Rohlfing v. Cat's Paw Rubber Company, D.C., 1951, 99 F.Supp. 886; Fulton v. Twentieth Century-Fox Film Corporation, D.C., 1953, 111 F. Supp. 874; Washington v. McGrath, 1950, 86 U.S.App.D.C. 343, 182 F.2d 375.

■■   Should the affidavits of Joyce Hutton and Emanual H. Manning be stricken and rejected for failure to comply with the provisions of Section 93–1701–6, R.C.M.1947, relating to affidavits executed in foreign countries? Questions of procedure are governed by the federal rules rather than state statutes. 1 Barron and Holtzoff, Federal Practice and Procedure, p. 243, Sec. 138; Sibbach v. Wilson & Co., 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479; Occidental Life Ins. Co. of Cal. v. Kielhorn, D.C.Mich.1951, 98 F.Supp. 288. The Federal Law and Rules of Civil Procedure do not designate before whom affidavits in foreign countries may be taken. While there is a conflict in the authorities " * * * where an affidavit is required by a statute which does not designate before whom it shall be taken, it will generally be interpreted as permitting any officer outside of the state who is authorized to administer oaths to take the same, and courts are frequently liberal in allowing affidavits used in collateral matters to be taken before public officers out of the state." 2 C.J.S. § 11, p. 937. In support of this rule, there is cited the case of Wood v. St. Paul City Ry. Co., 42 Minn. 411, 44 N.W. 308, 7 L.R.A. 149, where the court said in part:

"Affidavits taken before notaries in foreign countries have uniformly been received by the courts of England in judicial proceedings without any other proof of their official character or their authority to administer oaths than their notarial seals. Omealy v. Newell, 8 East, 364; Walrond v. Van Moses, 8 Mod. 322; Haggitt v. Iniff, 5 De Gex, M. & G. 910; Cole v. Sherard, 11 Exch. 481. It was said in Omealy v. Newell, supra, that this had been the uniform practice 'as far back as living memory could trace it.' The same practice seems to have obtained in the American courts. United States v. Libby, [Fed.Cas.No. 15,-597] 1 Woodb. & M. 221; Denmead v. Maack, 2 McArthur 475; Tucker v. Ladd, 4 Cow. 47; Conolly v. Riley, 25 Md. 402."

The foregoing was quoted with approval in the case of In re Pancoast, D.C., 1904, 129 F. 643. See also Harris v. Barber, 9 S.Ct. 314, 129 U.S. 366, 32 L.Ed. 697; 1 Am.Jur. 941, Sec. 12.

■   With respect to the affidavit of defendant's attorney Leonard H. Langen, the statements therein contained are of course based upon his information and belief. They are not controverted, however, and may be considered. See De Sairigne v. Gould, D.C., 1949, 83 F. Supp. 270; Koster v. Lumbermens Mutual Casualty Company, 330 U.S. 518, 531, 67 S.Ct. 828, 91 L.Ed. 1067.

It is my opinion that the affidavits in support of defendant's motion should be considered, although for the reasons hereinafter set forth my conclusion would be the same even though the affidavits were rejected.

It is defendant's first contention that the service was insufficient by reason of the fact that the notice of service was mailed by plaintiff's attorney before the service was actually made upon the Secretary of State. An identical situation was considered by the Supreme Court of Wisconsin, in the case of State ex rel. Stevens v. Grimm, 1927, 192 Wis. 601, 213 N.W. 475, 476. Copies of summons and complaint were there mailed to the Secretary of State and the defendant on the same day, i.e., October 2nd, but the summons and complaint were actually filed by the Secretary of

State on October 4th. In holding that there had been a failure to comply substantially with the statute, the court said: "* * * it is quite apparent that the plaintiff could not give notice of the serving or filing of the summons and complaint upon the secretary of state prior to the performance of that act. The statute clearly requires that notice be given of an existing fact, to wit, the service of the summons and complaint upon the secretary of state, and it is not a substantial compliance with the statute to give notice of something which has not yet been done. Notice of filing in the office of the secretary of state could not properly be given until the notice had been filed."

Counsel have not cited any other cases directly in point. The case of State v. Grimm, supra, is noted by Corpus Juris Secundum in support of the general rule that "the required notice must be seasonably given", 61 C.J.S. Motor Vehicles § 502, p. 163. The reasoning of the Wisconsin Court appears sound and is particularly applicable where, as here, there is an absence of any proof that defendant actually received the notice and plaintiff relies upon a serious of presumptions as evidence of service.

Under statutes similar to the Montana statute, the courts have held uniformly that it is necessary that the defendant actually receive the notice of service and copy of process. The Massachusetts statute requires that notice of service and copy of process be sent forthwith by registered mail to the defendant and the filing of defendant's return receipt, G.L. c. 90, as amended by St.1923, c. 431, § 2. The proviso accordingly is the same as that in Montana, except that the Montana statute following the requirement that copy be sent by registered mail adds the words "requiring personal delivery" and to that extent is even stricter than the Massachusetts and other similar statutes. In holding that the Massachusetts statute did not conflict with the due process clause of the 14th Amendment the Supreme Court of the United States, in Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 633, 71 L.Ed. 1091, said in part: "It is required that he (the defendant) shall actually receive and receipt for notice of the service and a copy of the process." In holding a state statute providing for service upon the Secretary of State and which contains no further provision making it reasonably probable that notice of such service will be communicated to the defendant is lacking in due process, the Supreme Court in Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 261, 72 L.Ed. 446, distinguished the Massachusetts statute in these words: "The Massachusetts statute, considered in Hess v. Pawloski, really made necessary actual personal service to be evidenced by the written admission of the defendant." See also Smyrnios v. Weintraub, D.C., 3 F.Supp. 439.

In Weisfeld v. Superior Court, 110 Cal.App.2d 148, 1952, 242 P.2d 29, the notice of process and copy of summons and complaint were sent by registered mail to petitioner at 2409 Park Row, Dallas, Texas. The return receipt was signed by petitioner's mother. Petitioner was in the armed forces and was not at that time in Dallas but at Fort Hood, Texas. He had never subscribed his name or authorized any other person to subscribe his name to the receipt for the papers. The California statute required the filing of a return receipt bearing the signature of the defendant, West's Ann.Vehicle Code, § 404. The California Court of Appeals, in issuing a writ of prohibition to the Superior Court, held that this required actual delivery to the defendant by registered mail of a copy of the notice and summons and that service was insufficient. The Montana Statute requiring "personal delivery" by registered mail imposes the same requirement as the California statute. See also Syracuse Trust Co. v. Keller, 1932, 5 W.W.Harr. 304, 35 Del. 304, 165 A. 327; McLean Trucking Co. v. Stover, 1951, 8 Terry 110, 47 Del. 110, 87 A.2d 879; Smith v. Belmore, D.C., 1 F.R.D. 633; Dwyer

v. Shalck, 1931, 232 App.Div. 780, 248 N.Y.S. 355.

The statutes of many states do not require personal delivery by registered mail or the return of a receipt signed by the defendant. The case of Powell v. Knight, D.C., 74 F.Supp. 191, points out the distinction, for example, between the Massachusetts statute, which is comparable to that of Montana, and the statutes of Virginia and Minnesota. Code Va.1942, § 2154(70) (i), Laws Minn. 1927, c. 409. No useful purpose would be served by a review of those statutes which do not make substantially the same requirements as the Montana statute under consideration.

Plaintiff argues that the Montana statute does not require actual personal delivery to the defendant, but merely that the notice be "sent by registered mail requiring personal delivery," and "that plaintiff has done all that the statute requires,—he sent it by registered mail, by mail requiring personal delivery." This portion of the statute, however, must be read with the balance of the proviso requiring the filing of "defendant's return receipt". The cases quoted above have construed this to require actual delivery to the defendant. Moreover, plaintiff did not comply strictly with the provision that the notice be sent by registered mail, "requiring personal delivery." While the affidavit of compliance recites that it was sent "to addressee only", the only notations appearing on the envelope are the words "Please Forward" and "Registered Mail" in typewriting, and the words "Registered" and "Return Receipt Requested" stamped by the postoffice. The regulations of the Post Office Department provide that, "You may at the time of mailing direct that the registered article be delivered only to the addressee or to someone named by him in writing. An additional fee is required. The mail will be endorsed Deliver to Addressee Only or Deliver to Addressee or Order." C. F.R. Title 39, Sec. 51.4(e). It is clear from the return envelope and the return receipt that plaintiff did not avail herself of this regulation providing for delivery to the addressee only.

The service of process in the instant case accordingly was insufficient for failure to comply with the provisions of Sec. 53–204, R.C.M.1947, in that (1) notice of service was mailed by plaintiff's attorney before service was actually made upon the Secretary of State; (2) the notice was not sent by registered mail "requiring personal delivery" to the defendant; and (3) the defendant did not himself sign the return receipt, and there is no evidence that anyone else had authority to sign the receipt on his behalf or that he actually received the notice of service and copy of summons and complaint.

I find no merit in defendant's third contention that service should be set aside because plaintiff's affidavit of compliance was not attached to the sheriff's return when it was filed. The statute does not specifically require simultaneous filing of the return and affidavit of compliance. The affidavit of compliance was filed within a reasonable period and may properly be appended to the process and entered as a part of the return. No substantial right of either party is affected by the delay in filing the affidavit of compliance, and under the liberal rule of construction required under the Montana law, service should not be set aside on this ground. This is consistent with Rule 4(g) of the Rules of Civil Procedure providing that "failure to make proof of service does not affect the validity of the service." This identical question was considered in the case of Peeples v. Ramspacher, D.C., 29 F.Supp. 632 and the Court there reached the same conclusion.

Plaintiff contends that a dismissal would be tantamount to a judgment. A dismissal on the ground that defendant has not been properly served with process is not an adjudication on the merits and would not prejudice the right of plaintiff to file another complaint if jurisdiction of the defendant may be obtained. Orange Theater Corporation v.

Rayherstz Amusement Corporation, 3 Cir., 1944, 139 F.2d 871; Thomas v. Furness (Pacific), Limited, 9 Cir., 1948, 171 F.2d 434. Motion to dismiss for insufficiency of process is the proper procedure. Rule 12(b), Federal Rules of Civil Procedure; Smith v. Belmore, supra; Orange Theater Corporation v. Rayherstz Amusement Corporation; Sunbeam Corporation v. Payless Drug Stores, D.C., 113 F.Supp. 31.

Defendant's motion to dismiss on the ground of insufficiency of service of process is granted.