Catherine M. OLSEN, Plaintiff,

v.

**DAIRYLAND MUTUAL INSURANCE COMPANY, a corporation,** Defendant.

No. 1237.

United States District Court
D. Montana,
Helena Division.

Jan. 5, 1966.

Small & Cummins, Helena, Mont., for plaintiff.

Loble, Picotte, Fredricks & Smith, Helena, Mont., for defendant.

MURRAY, Chief Judge.

Plaintiff brought this action in the First Judicial District Court of the State of Montana to recover on a judgment which she had previously obtained by default in the same State Court against one Theodore H. McKinley in a personal injury action arising out of an automobile accident. She alleges that the present defendant, Dairyland Mutual Insurance Company, was the liability insurer of said McKinley at the time of the accident out of which the default judgment arose, and that under the terms of its policy of liability insurance it is liable to her on the judgment. Defendant re-

moved the action to this court on the grounds of diversity of citizenship pursuant to the provisions of 28 U.S.C.A. § 1441 et seq.

Defendant answered, and after submitting the original judgment roll in the state court action of Catherine M. Olsen vs. Theodore H. McKinley in which the default judgment sued upon was obtained, and obtaining an admission from the plaintiff that the said judgment roll was genuine, defendant moved for summary judgment in this action, pursuant to Rule 56 of the Federal Rules of Civil Procedure, upon the ground that there is no genuine issue as to any material fact, and that the defendant is entitled to judgment as a matter of law. The basis of the motion is that the judgment roll in the state court action of Olsen v. McKinley, which is before this court and conceded to be genuine, shows on its face that service of process was never obtained on the defendant McKinley, and that, therefore, the default judgment entered in that action and sued upon here is invalid and void and subject to collateral attack.

From the judgment roll in Olsen v. McKinley it is clear, and the plaintiff concedes, that no personal service of the summons and complaint was ever obtained on the defendant in that action. However, plaintiff contends that constructive service was obtained under the provisions of Chapter 2 of Title 53 (§§ 53–201 to 53–206) R.C.M. 1947, which provides that in certain circumstances, service of process in actions arising out of automobile accidents may be made upon the Secretary of State of the State of Montana. Section 53–204, R.C.M. 1947, provides how such constructive service is to be made and reads in part as follows:

"53–204. Service of process, how made—fees. Service of such summons or process under section[s] 53–202 and 53–203 shall be made by leaving a copy thereof with a fee of five dollars ($5.00) with the secretary of state of the state of Montana, or in his office, and such serv-ice shall be sufficient and valid personal service upon the defendant.

"*Provided, that notice of such service and a copy of the summons or process is forthwith sent by registered mail requiring personal delivery, by the plaintiff to the defendant and the defendant's return receipt and plaintiff's affidavit of compliance herewith are appended to the process and entered as a part of the return thereof;*"

Examination of the judgment roll in Olsen v. McKinley discloses that there was no compliance with the above quoted provisions of Section 53–204 in the attempt to obtain constructive service on the defendant McKinley. Included in the judgment roll are three unopened envelopes addressed to Theodore H. McKinley at Havre, Montana, and bearing the return address of plaintiff's counsel which were sent to McKinley by registered mail on October 10, 1961, December 22, 1961, and June 7, 1962, respectively, and returned to the sender in each instance unclaimed, or because of insufficient address or the addressee was unknown. In connection with each of these registered mailings, the judgment roll also contains an "Affidavit of Mailing". The affidavit concerned with the October 10, 1961, mailing reads as follows:

"BETTY J. DAVIS, being first duly sworn, deposes and says:

"That she is a resident of the State of Montana, over the age of 18 years, not a party to nor interested in the above entitled action;

"That on the 10th day of October, 1961, she served a true copy of the attached Summons and Complaint on Theodore H. McKinley, by depositing such copy of the said Summons and Complaint on said date in the United States Post Office at Helena, Montana, properly enclosed in a sealed envelope addressed to the said Theodore H. McKinley, Havre, Montana, by registered mail, postage thereon having been duly prepaid;

"That in each of the said places there is a United States Post Office, and between said cities of Havre, Montana, and Helena, Montana, there is a regular daily communication by mail."

The affidavits in connection with the other two mailings are identical except as to the date of mailing and that the affiant is one Robin Alley rather than Betty Davis.

It is apparent from the affidavits that these registered mailings to the defendant McKinley do not constitute the "notice of such service (under Sections 53–202 and 53–203)" as is required by Section 53–204, because they contained only a copy of the summons and complaint, and no notice of service upon the Secretary of State, as the statute demands.

Likewise, neither the affidavits nor the envelopes in which the mailings were made show that the registered mail was sent "requiring personal delivery" as required by the statute, and there is not otherwise any evidence in the judgment roll that this provision of the law was complied with.

Finally, there is no return receipt of the defendant showing receipt of notice of service as the statute requires. This is probably the most fatal defect of all, because, as Judge Jameson of this court pointed out in Bucholz v. Hutton, D.C., 153 F.Supp. 62, the Montana statute and similar constructive service statutes require that the defendant actually receive the notice of service and that his receipt therefor be filed. In an exhaustive annotation on this subject in 95 A.L.R.2d 1034, the annotator states at page 1039:

"Some nonresident motorist statutes in effect make the filing of the return receipt a condition of valid service on the nonresident, by declaring that service on a designated state official shall be sufficient service on the nonresident 'provided' or 'if' certain other acts are done, among them the filing of the return receipt." (This is the Montana statute).

"Under this type of statute, the failure to file such a receipt renders the service invalid, in the absence of extenuating circumstances."

Further, at page 1043 of the same annotation, it is stated:

"Service of process under a nonresident motorist statute requiring the filing of the nonresident's return receipt has generally been held invalid if the nonresident did not sign a return receipt because as a result of his having moved without leaving a forwarding address the registered letter was not delivered to him."

And at 1045, it is stated:

"According to the weight of authority, service of process under a nonresident motorist statute requiring the filing of the nonresident's return receipt is invalid if no return receipt is filed because the nonresident failed or refused to claim the registered letter sent to him pursuant to the statute."

Therefore, under the authorities, it is clear that the attempted service of process on McKinley was invalid. As Judge Jameson pointed out in Bucholz v. Hutton, supra, 153 F.Supp. at page 65, "Even though the statutes and proceedings should be liberally construed there must be a compliance with the plain mandates of the statute." The judgment roll in Olsen v. McKinley demonstrate a complete failure to comply with the plain mandates of the statute.

In support of his claim that the service is valid, counsel for plaintiff relies on State ex rel. Charette v. District Court of Silver Bow County, 107 Mont. 489, 86 P.2d 750. In that case the defendant refused to accept the Notice of Service and copy of summons which were mailed to him in compliance with the statute. In refusing, in effect, to quash the service, the Montana Supreme Court held simply that the defendant could not complain of the plaintiff's failure to com-

ply with the statute when his own wilful act prevented plaintiff's literal compliance therewith. That was an entirely different situation than the present one. Here there is no showing that the plaintiff's failure to comply with the statute resulted from any wilful act of the defendant.

Plaintiff contends that the judgment in Olsen v. McKinley is not subject to collateral attack. In 30 Am.Jur. "Judgments", Section 881, p. 794, it is stated, "In the absence of a waiver of service, a judgment may be subject to collateral attack because of its rendition against one who was never legally served with the process of the court." As above pointed out, the defendant McKinley was never served with process, legally or otherwise, as shown by the judgment roll. In West v. Capital Trust & Savings Bank, 113 Mont. 130, 124 P.2d 572, the Montana Supreme Court stated, at page 575:

> "It is conceded here that the attack upon the foreclosure decree is collateral. The rule is well established that on such an attack there is a presumption of jurisdiction over the person of the defendant *unless the contrary affirmatively appears from the judgment roll.* E. J. Lander & Co. v. Brown, 110 Mont. 128, 99 P.2d 216, 217; State ex rel. Delmoe v. District Court, 100 Mont. 131, 46 P.2d 39; Coburn v. Coburn, 89 Mont. 386, 298 P. 349; Frisbee v. Coburn, 101 Mont. 58, 52 P.2d 882; Hanrahan v. Andersen, 108 Mont. 218, 90 P.2d 494; Burke v. Inter-State Savings & Loan Ass'n, 25 Mont. 315, 64 P. 879, 87 Am.St.Rep. 416."

Certainly the contrary affirmatively appears from the judgment roll involved here.

Next, the plaintiff claims that there was a waiver of service of process. The facts and circumstances which plaintiff contends establish the waiver as shown by the affidavit for default and exhibits attached thereto contained in the judgment roll in Olsen v. McKinley may be summarized as follows:

After trying unsuccessfully to obtain personal service on the defendant McKinley, the plaintiff proceeded to attempt service by serving the Secretary of State under the provisions of Chapter 2 of Title 53, R.C.M. 1947. Having learned that Dairyland Mutual Insurance Company, the defendant in the present action, had the liability insurance on McKinley's car, counsel for the plaintiff, on February 23, 1961, directed the Secretary of State to mail a copy of the summons and complaint to Theodore H. McKinley in care of Dairyland Mutual Insurance Company at Madison, Wisconsin, and a return by the Secretary of State shows that such mailing was accomplished. At the same time counsel for plaintiff wrote directly to Dairyland Mutual Insurance Company as follows:

"Gentlemen:

"I have today delivered to the Secretary of State of the State of Montana Summons and Complaint for service in the above-entitled action which is pending in the District Court of Broadwater County at Townsend, Montana.

"We have been unable to locate the defendant, Theodore H. McKinley, for service within this state, and are informed that he has left the state. Therefore, we are delivering this for service, pursuant to our laws which permit service upon a defendant in a motor vehicle case, such as this, by the Secretary of State when he cannot be found within the state, or has gone from the state.

"I have also requested the Secretary of State to serve a copy of such Summons and Complaint upon your company, for the reason that we are informed that your company carried liability insurance upon the automobile of the defendant, McKinley, that was involved in this accident. For that reason, I presume that it will be of interest to you; and that you may want to make some

appearance for the defendant, rather than to permit a default in the action if the defendant does not personally appear therein.

"If you desire further information in connection with this incident, I will be glad to furnish the same if I can possibly do so."

Apparently, as a result of this letter, counsel for plaintiff received a telephone communication from Valley General Agency of Kalispell, Montana, an insurance adjusting agency, informing him that the matter of Olsen v. McKinley had been referred to that agency by Dairyland Mutual for handling and requesting an extension of time within which to appear and holding out the hope that a settlement might be negotiated. Thereafter, and commencing on March 24, 1961, there followed a series of letters between Valley General Agency and counsel for plaintiff discussing the possibility of settlement of the case, which culminated in a request by counsel for the plaintiff that the matter be turned over by Valley General Agency to an attorney so that an appearance might be made and the case brought to issue so that it might be tried in the event a settlement could not be achieved.

Thereafter, and on June 13, 1961, counsel for plaintiff received a letter from a Kalispell attorney informing him that the matter had been turned over to the Kalispell attorney by Valley General Agency and requesting copies of medical reports. Correspondence between plaintiff's counsel and the Kalispell attorney concerning obtaining medical reports and a medical examination of the plaintiff on behalf of the defendant continued and the Kalispell attorney did arrange for and obtain a physical examination of the plaintiff on behalf of defendant. This correspondence between the plaintiff's counsel and the Kalispell attorney terminated when plaintiff's counsel requested that the Kalispell attorney enter an appearance on behalf of the defendant so the case could be brought to issue for trial in the event a settlement could not be negotiated. In reply, on October 2, 1961, the Kalispell attorney wrote plaintiff's counsel inquiring as to whether service of process on the defendant had ever been obtained, and informing him that if service had not been obtained, he, the Kalispell attorney had no authority to appear in the case on behalf of the defendant as he had never been authorized to represent the defendant. Shortly thereafter, and on October 18, 1961, counsel for plaintiff filed his affidavit for default and proceeded to obtain the default judgment involved in the present action.

Counsel for plaintiff contends that the conduct of Valley General Agency and the Kalispell attorney, in obtaining extensions of time within which to appear and in requesting medical reports and in going so far as to obtain a medical examination of the plaintiff, all ostensibly on behalf of the defendant McKinley, constituted a waiver of service of process and an appearance in the action. This contention must fail for several reasons.

 First, the rule relied upon by plaintiff is stated as follows in 6 C.J.S. Appearances § 12i, p. 33:

"Stipulations or agreements entered into *between the parties or their counsel* with reference to a pending suit are usually regarded as amounting to a general appearance."

The emphasized words in the statement of the rule demonstrate its inapplicability to the situation here. It must be kept in mind that the action was against Theodore H. McKinley and the default judgment was taken against him. Neither Dairyland Mutual Insurance Company nor the Valley General Agency was a party to the action and there is no showing in the record that they had any authority to waive on behalf of McKinley his right to service of process and enter an appearance in his behalf in an action wherein he had never been subjected to the jurisdiction of the court by service of process. Likewise, there is no showing that the Kalispell attorney was ever authorized to appear in the ac-

tion as counsel for McKinley, and he specifically disclaimed such authority. No case has been cited and the court has found none holding that a liability insurance carrier has authority on behalf of its insured to waive his right to the service of process in an action brought against him. The policy involved in this case is not before the court. In the usual automobile policy, the insurer reserves the right and has the obligation to defend on behalf of the insured any action brought against him that is covered by the policy. However, it is inconceivable that this right to defend an action carries with it the right to waive on behalf of the insured his right to be served with process in the action, because in many instances the potential liability of the insured in the action greatly exceeds the coverage of the insurance policy, and the effect of permitting the insurer to waive, without the insured's consent, his right to be served with process would be to subject the insured to such excess liability without due process of law. In all of the cases cited by the plaintiff which hold that a judgment against an insured is binding on the insurer, there had been proper service of process on the insured.

In the second place, even if some authority could be found for Dairyland Mutual through Valley General Agency and the Kalispell attorney to waive McKinley's right to service of process and make an appearance in the action in his behalf, and even if the procuring of extensions of time and physical examination of the plaintiff constituted such waiver and appearance, the plaintiff would be in no position to rely on the waiver and appearance, because the extensions of time and the physical examination of plaintiff were obtained by Dairyland Mutual through Valley General Agency and the Kalispell attorney under the mistaken belief, induced by plaintiff's counsel, that proper service had been had on the defendant McKinley.

Thus, in his first letter to Dairyland Mutual, quoted above plaintiff's attorney stated in effect that proper service had been had on the defendant McKinley. Likewise, in his first letter to the Kalispell attorney, plaintiff's counsel stated in part:

"Thank you for your letter of June 13 in regard to the above-named action that is now pending in the District Court of Broadwater County. Some time ago, *and after we had served the defendant McKinley*, I was contacted by the Valley General Agency," etc.

This is not to say that plaintiff's counsel deliberately or wilfully attempted to deceive either Dairyland Mutual or the Kalispell attorney, because he apparently did and still does believe that he had made proper service on McKinley. However, having induced a course of conduct by furnishing incorrect information, however innocently, the plaintiff could not claim an advantage as a result of that course of conduct.

Lastly, plaintiff contends that because Dairyland Mutual, the present defendant, had notice of the application for default judgment against McKinley, that it waived its right to attack that judgment herein, by not appearing in the state court and either moving to quash service or moving to set aside the default. The answer to this contention is that it was not a party to the state court action, no default was sought against it and there was no reason for it to appear in the state court.

For the foregoing reasons, IT IS ORDERED and this does order that the defendant's motion for summary judgment be and the same hereby is granted on the ground that there is no genuine issue as to any material fact, and the defendant is entitled to judgment as a matter of law and to its costs. The Clerk of this court is directed to enter judgment for defendant.