Walter B. **HENDERSON**

v.

**CONSOLIDATED MERCHANDISING CORPORATION**, a foreign corporation.

Civ. A. No. 11264.

United States District Court
N. D. Georgia,
Atlanta Division.

Jan. 19, 1968.

Henritze, Baker & Bailey, Atlanta, Ga., for plaintiff.

Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

In this diversity action for malicious prosecution, the defendant has moved to dismiss on the ground that the action is barred by the doctrine of res judicata.

Some time in 1966 a substantially identical action was commenced in the District Court for the Middle District of Florida, Tampa Division. Both the parties and the cause of action were the same. By order of that Court entered July 7, 1967 (as modified on October 20, 1967) the complaint was dismissed with prejudice "for failure of the plaintiff to comply with the orders of this court dated January 11, 1967 and April 12, 1967, requiring plaintiff to perfect service of process in accordance with the provided orders of this court  *  *  *." Plaintiff did not appeal from this order, and the time in which an appeal could be filed has expired. On approximately Sep-

tember 12, 1967, the present action was commenced in the Superior Court of Fulton County, Georgia, and was removed to this court by the defendant on October 10, 1967.

The sole question is whether the dismissal "with prejudice" in Florida is res judicata here.

 At the outset it should be noted that an order of dismissal solely for failure to perfect process is normally without prejudice, and a dismissal with prejudice for this reason alone may be modified on appeal. Bond v. Golden, 273 F.2d 265 (10th Cir., 1959); Lohr v. Bishop, 105 U.S.App.D.C. 238, 265 F.2d 820 (1959); Thomas v. Furness (Pacific), Ltd., 171 F.2d 434 (9th Cir., 1948). However, on its face the previous dismissal was not for failure to perfect service, but for failure to comply with court orders. Under Rule 41(b), F.R. Civ.P., such a dismissal "operates as an adjudication upon the merits" and establishes a present defense of res judicata.

In considering the present motion, the court must presume that the previous ruling is not only correct as a matter of law, but that every part of that ruling is meaningful. From this viewpoint, the ground stated must carry with it an inference that service of process *could* have been perfected over defendant in the Middle District of Florida. Only if this were the case would a dismissal with prejudice for failure to comply with court orders be a logical action. (Of course this court cannot at this point presume to go behind the Florida court's ruling to see what the previous orders were and consider whether the ruling was correct; however, it is conceivable that if they were available, they might shed some light on the question as to whether the words "with prejudice" actually affect the merits, which is the usual meaning of the words, or whether they were meant to only bar further fruitless litigation in a jurisdiction where legal process could not be effected. Nor may an action here take the place of the forfeited appeal from the previous ruling. To repeat, the only question open here is the interpretation to be placed on that ruling, and there is a presumption that it means what it says.

Therefore, the motion to dismiss is granted, but without prejudice to plaintiff's right to reinstate his action on a showing that process could not have been perfected in the previous action and that the previous dismissal was not in fact based on a wilful or negligent disregard of court orders.